MADISON PRODUCTS COMPANY, INC., et al., Appellants, *v.* BIRD S. COLER, as Commissioner of Public Welfare of the City of New York, et al., Respondents.

New York city — ordinance regulating solicitation of assistance for charitable purposes — agreement, as inducement to sales, to pay portion of purchase price of merchandise to designated charity, a solicitation of " money, donations or financial assistance " within meaning of ordinance — delegation of power to enforce ordinance to commissioner of public welfare lawful — words " public places " in ordinance do not include homes, private offices and factories.

1. Plaintiffs' salesmen, who as an inducement to purchasers of their merchandise, agree that a portion of the purchase price shall go to some designated charity, are engaged in soliciting money, donations or financial assistance within the meaning of an ordinance of the city of New York forbidding the solicitation of money, donations or financial assistance of any kind " upon the streets or in public places " in that city except upon license issued by the commissioner of public welfare.

2. Assuming without passing upon the question that the board of aldermen of the city of New York had power to regulate the

solicitation of money, donations or financial assistance for charitable purposes, there was nothing unlawful in the delegation to the Commissioner of Public Welfare of the duty of enforcing this ordinance.

3. The words "public places," however, as used in the ordinance, must be interpreted in the light of their association with the connecting word "streets" and do not mean or include homes, private offices and factories. The dismissal of the complaint, therefore, in this action to restrain defendants from interfering with plaintiffs and their salesmen in canvassing "homes, offices and factories" was erroneous.

4. An argument that in another section of the ordinance it is provided that labels shall be placed upon boxes or containers used by licensees in the public solicitation of funds "in stores, factories, shops, offices, theatres, hotels, restaurants, railway stations, ferry houses or *other public places*," and that this provision defines what is to be considered a public place within the meaning of the ordinance cannot be sustained. The words "or other public places" may be read in connection with the words immediately preceding them which name public places, rather than in connection with the more remote words "factories, shops, offices."

*Madison Products Co. v. Coler*, 215 App. Div. 700, reversed.

(Argued April 7, 1926; decided May 11, 1926.)

APPEAL from a judgment, entered November 25, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term granting a motion for an injunction *pendente lite* and denying a cross-motion to dismiss the complaint and directed a dismissal of the complaint.

*Stanley Garten* for appellants. Assuming for the sake of argument merely that the board of aldermen had power to regulate the conduct of private charities by the enactment of this ordinance, the board would still not have authority to confer these regulatory powers upon the commissioner of public welfare or as he was formerly known, the commissioner of public charities. (*Greater New York Athletic Club v. Wurster*, 43 N. Y. Supp. 703; *Phelps v. Mayor, etc.*, 112 N. Y. 216.) The

ordinance does not apply to plaintiffs' business. (*Pugh v. State*, 117 S. W. Rep. 817; *People* v. *Cohen*, 203 N. Y. Supp. 604.)

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien, Elliot S. Benedict* and *Russell Lord Tarbox* of counsel), for respondent. The ordinance is applicable to plaintiffs and to those charitable organizations for which, pursuant to contract, plaintiffs act as agents and to which they pay part of their profits. (Bishop on Statutory Crimes [2d ed.], § 298; 2 Bouvier's Law Dictionary [Rawle], 792; *People* v. *Bixby*, 67 Barb. 221; *People* v. *Soule*, 142 N. Y. Supp. 876; *People* v. *Whitman*, 178 App. Div. 193; *Hardice* v. *State*, 37 S. W. Rep. 734; *State* v. *Goldstein*, 72 N. J. Law, 326; *People* v. *Gertner*, 124 Misc. Rep. 114.) The board of aldermen is authorized to select the commissioner of public welfare as the municipal agent to administer this ordinance. (*Kramrath* v. *City of Albany*, 121 N. Y. 575.)

HISCOCK, Ch. J. Plaintiffs brought this action to restrain defendants from interfering with their respective businesses through enforcement of an ordinance adopted in and for the city of New York. Instead of securing this relief their complaint has been dismissed as not stating a cause of action and, therefore, we are simply concerned with the sufficiency of its allegations.

The plaintiffs having separate businesses have united in bringing this action on the ground that they have a community of interests which justifies them in so doing and which proposition is not questioned by the defendant. The material allegations of the complaint which have precipitated the controversy are in substance as follows: The plaintiffs are respectively engaged in the sale of various toilet articles and their salesmen canvass " homes, offices and factories in the City of New York and elsewhere " for the purpose of selling such articles and as

an inducement to such sales agree that a portion of the proceeds of the sales shall go to some designated charity. No money donation or financial assistance of any kind is solicited except where an order is given for goods and the portion of the purchase price designated as being for a given charity is duly accounted for to such charity by the plaintiff whose salesmen have collected it. The defendants threaten to interfere with said course of business and said solicitation on the ground that it is in violation of an ordinance adopted by the board of aldermen of the city of New York. Said ordinance is entitled " Soliciting of Contributions in Public " and in part reads as follows:

" Sec. 196. General provisions.

" No person, organization, society, association or corporation shall solicit money, donations, or financial assistance of any kind, upon the streets or in public places in the City of New York, except upon a license issued by the Commissioner of Public Welfare and under such regulations as hereinafter provided.

" Sec. 197. Permission; how granted.

" Application to *solicit funds publicly* for any cause whatever shall be addressed to the Commissioner of Public Welfare and such applications shall contain the following information   *   *   *.

" Sec. 198. Duties of the Commissioner.

" It shall be the duty of the Commissioner of Public Welfare before granting any permission to solicit in public, to compel the applicant to file with him a sworn statement (showing monies collected during preceding year, etc.).

" The Commissioner may establish such further regulations as he may deem necessary in carrying out the purposes and objects of this article.

" Sec. 199. Duties of Licensees.

" Licensees operating under this article of the Code shall be compelled to label all collection boxes or containers used in the *public solicitation of funds* either by appeal

in person or the placing of receptacles for the receipt of such public contributions in stores, *factories, shops, offices,* theatres, hotels, restaurants, railway stations, ferry houses, or *other public places,* with the name of the organization for which the permit is issued, and in such conspicuous manner as the Commissioner of Public Welfare may direct."

It is not necessary to summarize the allegations of the complaint that defendants' interference with the business of plaintiffs, if unlawful, will be so continuous and disastrous that the intervention of equity is required, for the defendants do not question the sufficiency of the allegations in this respect. I, therefore, come to the question whether on the allegations of the complaint defendants are entitled to interfere with plaintiffs' business as they propose to and I shall dispose of various preliminary propositions made by one party or the other without much discussion, for the answer to each of them seems to be quite clear.

I think and shall assume for the purposes of this discussion that plaintiffs were engaged in soliciting " money, donations or financial assistance " within the meaning of the ordinance which has been referred to. In every attempt of a salesman to sell goods there was involved and included the promise that if the proposed purchaser would buy such goods part of the purchase price would be turned over to charities. While undoubtedly the primary purpose was to sell goods and the promise to pay to charities was an inducement to purchase the same, nevertheless the complete urgency was that persons should pay money of which part should be received as the purchase price of goods and of which part should be turned over to charitable organizations.

I shall assume without passing on that question that the board of aldermen of the city of New York had power to regulate ·the solicitation of " money, donations or financial assistance " for charitable purposes (Greater

New York Charter, secs. 43, 44, as amended by Laws of 1905, ch. 629; General City Law, sec. 20, subd. 13, as added by Laws of 1913, ch. 247). It may be argued that the possible annoyance and the frauds which may easily be perpetrated by unknown and unlicensed individuals soliciting funds for various purposes bring regulation well within the exercise of the police power which was conferred upon the board of aldermen.

I also think and assume that there was nothing unlawful in the delegation by the board of aldermen to the commissioner of public welfare of the duty of enforcing this ordinance. Such an ordinance could only be enforced by some official and I see no reason to doubt that the official named might be selected for this purpose. If it should be held as argued that subdivision E of section 197 and the concluding clause of section 198 conferred upon the commissioner too great and undefined powers in the way of acquiring information and establishing regulations in addition to those expressly enumerated in the ordinance it may be answered that these provisions may be eliminated without destroying the balance of the sections in which they are respectively included.

Thus clearing away these preliminary questions we come to the decisive one whether the ordinance which is relied on by defendants does authorize them to interfere with the acts of plaintiffs in attempting to sell goods for a consideration of which part shall be turned over to charitable organizations, in " homes, factories and offices," because it was injunction against interference with sales in those places which was granted by the Special Term and which has been denied by the Appellate Division on the ground that it was in violation of the ordinance. We interpret " offices " in this connection as meaning private and not public offices.

It is unnecessary to consider whether the board of aldermen might not have adopted an ordinance enforcing the necessity of a license upon all persons who were

engaged in the professional, commercial or general solicitation of donations no matter where made, for the ordinance is not based upon any such idea. The foundation upon which rest its requirements is the character of the place where the solicitations are made. This is made apparent by various provisions. The ordinance is entitled " Soliciting of Contributions in Public," and the requirement for a license is enforcible against those making solicitations " upon the streets or in public places." It was doubtless the fundamental notion of the legislative body that conduct in public places was subject to regulation and also that indiscriminate solicitations in such places might be a public nuisance and danger. We do not overlook the fact that in one section of the ordinance reference is made to applications " to solicit funds publicly " and that it is argued that solicitations at a private house might be so conducted that they would be public. But we must interpret the words " public " and " publicly " in the light of the underlying provision of the ordinance which requires a license for solicitation only " upon the streets or in public places " so that we come to the consideration of the places in which solicitations are to be made.

Also we observe the argument of the respondents that in another section of the ordinance it is provided that labels shall be placed upon boxes or containers used by licensees in the public solicitation of funds " in stores, factories, shops, offices, theatres, hotels, restaurants, railway stations, ferry houses or *other public places,*" and it is argued that this provision defines what is to be considered a public place within the meaning of the ordinance. We think that the words just quoted " or other public places " may be read in connection with the words immediately preceding them and which name public places, rather than in connection with the more remote words " factories, shops, offices " and that, therefore, this provision does not have the effect in defining

public places which is claimed for it. And so, as it seems to me, we come in the last analysis to the question whether it can be said that a home, private office or factory is a public place within the meaning of the ordinance. The words " public places " used in the ordinance must be interpreted in the light of their association with the connecting word " streets " and thus interpreted we do not think that it was intended to mean or include homes, private offices and factories. The meaning of the words " streets " and " public places " naturally suggests those places in a city which are open to the general public and upon the use of which by the general public there is no limitation except that which may be required in the interest of safety and good order. We can take judicial notice that this is not the character of a home, private office or factory. These are under private control and are not open to the unrestricted entrance and use of the public. No one comes there except by the permission of the owner or proprietor and if he desires to close the door against all comers at any time he is at liberty to do so. These are not the characteristics of " streets or public places " and I do not think that such places are within the contemplation of the ordinance.

Therefore, the judgment of the Appellate Division should be reversed, and the order of the Special Term denying the motion to dismiss the complaint affirmed, with costs in this court and in the Appellate Division.

CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., not voting.

Judgment accordingly.