CARROLL L. SYLVESTER, Respondent, v. BROCKWAY MOTOR TRUCK CORPORATION, Appellant.

Third Department, May 13, 1931.

*James H. Hyer* [*J. S. Carter* of counsel], for the appellant.

*Butler, Kilmer, Hoey & Butler* [*Charles L. Hoey, Walter P. Butler* and *Clarence B. Kilmer* of counsel], for the respondent.

HINMAN, J. The appellant, Brockway Motor Truck Corporation, was the owner of a truck which it loaned to one Patrick Malone to use pending the delivery of a truck purchased of the defendant by Malone but not yet delivered. An issue arises in the case as to whether the truck was to be used solely on Malone's farm, located about a mile and a half from the Saratoga race track in Saratoga Springs, N. Y., and on which Malone raised carrots and grass which he sold and delivered to owners of race horses stabled on the grounds of the Saratoga Association which owned the race track and appurtenant property. We may assume that this was an issue of fact properly determined by the jury. At about daybreak on the morning of August 13, 1929, the plaintiff, who was a groom for one of the owners of race horses then stabled upon the property of the Saratoga Association, was walking upon the private grounds of that association, along the side of what had become recognized as a roadway for trucks bringing supplies to the stables and also used by pedestrians, when he was struck and injured by defendant's

truck which was being driven at the time by a boy thirteen years of age who was in the employ of Malone. It is conceded that the evidence fairly proves negligence by the operator of the truck and plaintiff's freedom from contributory negligence. The contention of the appellant, Brockway Motor Truck Corporation, is that it is not legally liable.

The appellant raises the question as to whether, under section 59 of the Vehicle and Traffic Law, there was sufficient evidence to permit the jury to find that express or implied permission of Malone or the appellant to use the truck in question extended to include the driving of it on a public highway of this State by this thirteen-year old boy, who was hired by Malone simply to do chores on the farm. This is a serious question in the case. The direct proof is that Malone had told the boy he was not to drive his trucks. If it were necessary to decide this question we would be inclined to hold that there was insufficient evidence to sustain a finding by the jury that Malone had any knowledge that the boy drove the truck on this occasion or had driven any of his trucks on any previous occasion. We pass over that question, as we do also the questions whether the truck was being operated " legally " as that word is used in section 59 of the Vehicle and Traffic Law, in view of the fact that this boy was doing an unlawful act in driving without a license (Vehicle & Traffic Law, § 20, subds. 1* and 4; Id. § 70†); and whether the jury had the right to find that the appellant by loaning the truck to Malone to use in his business gave implied sanction to its use in any such unlawful manner.

We decide that there was no liability on the part of the appellant under section 59 of the Vehicle and Traffic Law for the reason that at the time of the accident the appellant's truck was not being operated on a " public highway."

Section 59 of the Vehicle and Traffic Law provides: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." Under the provisions of section 2, subdivision 2, of the Vehicle and Traffic Law‡ " public highway " is defined: " ' Public highway ' shall include any highway, country road, county highway, State highway, State road,

---

* Since amd. by Laws of 1931, chap. 306.— [REP.

† Since amd. by Laws of 1931, chap. 253.— [REP.

‡ Since amd. by Laws of 1930, chap. 756.— [REP.

public street, avenue, alley, park, parkway, or *public place* in any county, city, borough, town or village in this State."

Concededly this accident occurred on the private grounds of the Saratoga Association for the Improvement of the Breed of Horses. The complaint so alleges. This association is a private corporation incorporated by special act (Laws of 1865, chap. 155, as amd. by Laws of 1870, chap. 469, and Laws of 1886, chap. 593), with power to purchase, hold and improve real estate for its purposes. It has the right to regulate the use of its property by the public. Its grounds were entirely inclosed with a fence. There were gates at different parts of the grounds which opened and closed. All the special officers on the grounds were employees of the association. At any time the association could have closed the grounds and excluded the public therefrom. It charged a fee for admission to the races but during the racing season the public were allowed without fee to come in through the gates onto that portion of the grounds of the association known as the Oklahoma track where the stables were located to watch the horses work out on that track. The accident happened in that portion of the grounds of the association at a place where there was no regularly laid out highway or road but merely vehicle tracks which had been worn in the grass between the stables. We think this was not a " public place " within the definition of " public highway " as defined in the Vehicle and Traffic Law. The public were admitted by sufferance of the private owner, were mere licensees of the association and could have been excluded at will at any time from the whole or any portion of these grounds. A fee could have been charged for admission. If it were a public place in the usual and ordinary meaning of that term, there would be no right to charge a fee. Since this statute is in derogation of the common law, it must be strictly construed. " A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable." (Suth. Stat. Const. § 371; *Leppard* v. *O'Brien,* 225 App. Div. 162.) " Public highway " or " public place " must be given its usual and ordinary meaning in the light of the purposes and power of the State to regulate the use of public highways. There is no implication that it was the purpose to extend the application of this law to the operation of motor vehicles on private property. Rather the implication is that the " public place " must be what is naturally suggested by words with which they are associated, namely, " public street," etc., words which naturally suggest a place " open to the unrestricted entrance and use of the public." (*Madison Products Co., Inc.,* v. *Coler,* 242 N. Y. 467, 474.) Admission by permission of the owner and the

right of such owner to exclude all comers at any time are not the characteristics of " streets or public places." (Id.) A person who frequents such race tracks has only a qualified right to be present. (*Grannan* v. *Westchester Racing Association*, 153 N. Y. 449, 460.)

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.