EDWARD J. MADDEN, Plaintiff, *v.* QUEENS COUNTY JOCKEY CLUB, INC., Defendant.

Supreme Court, Special Term, Queens County, September 20, 1940.

*Adolph Sonnenthal* [*William L. Stout* of counsel], for the plaintiff.

*Davies, Auerbach, Cornell & Hardy* [*William J. Carr* and *Herbert A. Heerwagen* of counsel], for the defendant.

HOOLEY, J. Application by plaintiff, upon notice, for a temporary injunction restraining the defendant, pending the return of an order to show cause, from preventing the plaintiff from entering the grounds of the Aqueduct Race Track during the races thereon, or removing him, or in any way interfering with or ejecting him from the track during the races. The order to show cause sets in motion the procedure to obtain a restraining order *pendente lite.*

While the defendant, upon the argument, indicated that plaintiff was suspected of being a bookmaker, there is nothing tangible presented to the court upon which the court could find that he has engaged in bookmaking since thee nactment of the Pari-Mutuel Revenue Law (Laws of 1940, chap. 254). The question here presented is whether a citizen, not being shown to be guilty of any

misconduct, may obtain an injunction restraining the operators of a race track from preventing his attendance at the races thereat.

The defendant takes the position that it may deny attendance on its property to any one so long as it does not base such denial upon any discrimination as to race, creed or color.

In *Grannan* v. *Westchester Racing Assn.* (153 N. Y. 449, 465) the court said " It is plain that the Legislature did not intend to confer upon every person all the rights, advantages and privileges in places of amusement or accommodation, which might be enjoyed by another. Any discrimination not based upon race, creed or color does not fall within the condemnation of the statute."

*Woollcott* v. *Shubert* (217 N. Y. 212), in which a critic was excluded from a theatre, was an action such as this to obtain an injunction preventing such exclusion. It was there held that at common law, while a theatre was affected by a public interest which justified licensing under the police power or for the purpose of revenue, it is in no sense public property or a public enterprise. The court distinguished between a theatre on the one hand, and a common carrier or public utility on the other hand, and held that a theatre was private property and that the owner had the right to decide who should be admitted or excluded, subject to the provisions of the Civil Rights Law which condemned any such discrimination when based upon race, creed or color.

In *Sylvester* v. *Brockway Motor Truck Corp.* (232 App. Div. 364, 367) the court said: " A person who frequents such race track has only a qualified right to be present. (*Grannan* v. *Westchester Racing Association*, 153 N. Y. 449, 460.) "

From the foregoing, it is clear that at common law and under the Civil Rights Law, the owner of a race track or theatre may discriminate as to the persons allowed therein or thereon, provided such discrimination is not based on race, creed or color. Nothing in the Pari-Mutuel Revenue Law changes the character of a race track so as to give to this plaintiff, or any other patron, any greater rights than he previously enjoyed. In no sense is a race track a public utility as claimed by the applicant.

Order to show cause signed without the restraining provisions.