EDMUND ZIELINSKI, Plaintiff, *v.* JOHN H. LYFORD, Defendant.

Supreme Court, Erie County, November 4, 1940

*Wisch & May,* for the plaintiff.

*Alger A. Williams,* for the defendant, appearing specially.

SWIFT, J. Section 52 of the Vehicle and Traffic Law provides for service of summons on a non-resident in any action growing out of any accident in which such non-resident may be involved while operating a motor vehicle on " a public highway." Subdivision 2 of section 2 of that law describes a " public highway " as including " any highway, road, street, avenue, alley, public place, public driveway or any other public way."

The plaintiff contends that the accident mentioned in the complaint happened upon a public driveway. Concededly the scene of the accident was privately owned property some distance from the highway. It will be noticed from the quoted definition that while any road or alley, even if privately owned, is for the purposes of the statute considered as a public highway; the only driveway, however, which is considered as a public highway is a " public " driveway. This does not mean a driveway which some members of the general public may use from time to time, because such use is common to all driveways. The word " public " must be given consideration. It must mean a driveway in which the public have some rights and over which some public officers have control; such driveways as we see leading to our public buildings or public institutions. The private owner of the place where the accident happened could at any moment prevent any member of the general public from using its property. The place could not in fact be properly

described as a driveway, certainly not as a " public driveway." It is used by the owner during the season of navigation for its own purposes. The owner transports automobiles from other ports to its dock in Buffalo, and after it removes these cars from its boats it places them upon the property in question to be there delivered to the consignee. I am of opinion that such a place is not a " public driveway," and, therefore, not a public highway within the purview of the statute.

The defendant was not using a public highway at the time of the accident, and, therefore, this court did not secure jurisdiction by service of the summons in accordance with the provisions of section 52 of the law.

· The motion of defendant who has appeared specially, is granted.