**FINN v. SCHREIBER et al.**

Civ. No. 470.

District Court, W. D. New York.

Nov. 7, 1940.

Gerald R. Barrett, of Rochester, N. Y., for plaintiff.

Alger A. Williams, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

The defendants move for judgment under subdivision (b) of Rule 12 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the court lacks jurisdiction of the persons of the defendants. The action is in negligence. Service of the summons and complaint was made upon the Secretary of State of New York, allegedly pursuant to the provisions of Section 52 of the Vehicle and Traffic Law of the State of New York, Consol.Laws N.Y. c. 71. Assuming for the purposes of this motion that the matters as alleged in the complaint are true, the facts are these. On or about April 9, 1940, the Schreiber Trucking Company, by its employee, defendant Good, was operating a truck in the village of Webster, Monroe County, New York, and, when near the plaintiff's Gas Service Station, one of the tires of said truck went flat. The truck was driven by defendant Good into plaintiff's station "near the air pump tower." While the spare tire was being inflated by the plaintiff, the lock rim was forced off the tire and propelled against plaintiff, causing the injuries alleged. It is the claim of the plaintiff that the spare tire was knowingly defective and that plaintiff was directed to inflate it beyond its capacity.

Section 52 aforesaid, so far as pertinent, provides that: "The operation by a nonresident of a motor vehicle * * * on a public highway in this state, or the operation on a public highway * * * of a motor vehicle * * * owned by a nonresident if so operated with his consent, * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway * * *." The constitutionality of this statute is not here in question. There could be little question of such

constitutionality in the light of the decision in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, which held constitutional the Massachusetts statute, Chapter 90 General Laws of Mass., as amended by Stat.1923, Sec. 2, which statute is in material substance the same as that of Section 52, supra. The courts in numerous states have held similar statutes constitutional. Vide: Cohen v. Plutschak, D.C., 40 F.2d 727, 729; Moore v. Payne, D.C., 35 F.2d 232; Schilling v. Odlebak, 177 Minn. 92, 224 N.W. 694, 695; Ashley v. Brown, 198 N.C. 369, 373, 151 S.E. 725, 728; O'Tier v. Sell, 226 App.Div. 434, 235 N.Y.S. 534.

■ The accident happened somewhere upon the premises of the plaintiff. While it does not so appear from the complaint, it is stated in the plaintiff's memorandum that the deflated tire was being replaced "in that portion of the station devoted to public parking." In the view here taken, it is not material whether this took place within the garage proper or in the parking place outside thereof. It is not believed that either is within the confines of the "public highway", as defined in Section 2 of the Vehicle and Traffic Law of the State of New York. Subsection 2, of said section, defines a "public highway" as including "any highway, road, street, avenue, alley, public place, public driveway or any other public way," and subsection 3 defines a "'street' or 'roadway'" as including "that part of the public highway intended for vehicular travel." The alleged accident happened in the village of Webster. Ordinarily a highway within a village is termed a street. The complaint does not describe the plaintiff's gas station as located upon a street. No distinction can be drawn, however, dependent upon whether the gas station was located upon a street or a public highway, since a public highway includes any "street."

■ In Hess v. Pawloski, supra, the decision was based upon the right of the state under its police power to regulate the use of the public highways by nonresidents as well as by residents, and the distinction is made clear between such an act and one which would exclude a nonresident from doing business within the state. The court there points out that in such latter case actual service must be made upon the individual to give jurisdiction. Following this decision of the Supreme Court, it is obvious that Section 52 would be unconstitutional if it was intended to permit service on residents of other states as therein provided in actions not arising from a negligent use of the public highways. This section 52 specifically applies only to accidents or collisions where the vehicle was being operated on a public highway. Concededly the replacement of the tire was not made on "any highway, road, street, avenue, alley." Was this garage or its parking place a "public place, public driveway or any other public way"? The plaintiff invited the public to use the parking way and the garage. It was being used in a public way and by the public. The same may be said of any privately owned store or amusement place. The public is freely invited to these places. It is invited for business purposes. The same situation exists as regards the gas station. The plaintiff invited the public there for his own benefit, but plaintiff, as the storekeeper or as the owner of the amusement place, has the right at any time to bar the public, or in other words, close the doors or gates to the place of business. Not so with the public highway or public way as it is believed that term should be construed. Such is a place to which the public has the right to go, and the use of which it has the right to have, under reasonable restrictions at all times. The distinction is between the right of individual control of the use and the uniform right to use to all. The former is private; the latter public. Section 52 is in derogation of the Common Law, and it must be strictly construed. In Madison Products Co., Inc. v. Coler, 242 N.Y. 467, 152 N.E. 264, 266, the court said: "The meaning of the words 'streets,' and 'public places' naturally suggests those places in a city which are open to the general public and upon the use of which by the general public there is no limitation except that which may be required in the interest of safety and good order. We can take judicial notice that this is not the character of a home, private office or factory. * * * No one comes there except by the permission of the owner or proprietor, and, if he desires to close the door against all comers at any time, he is at liberty to do so." In Sylvester v. Brockway Motor Trust Corp., 232 App.Div. 364, 250 N.Y.S. 35, where an accident happened on the grounds of Saratoga Race Track in that state, the court held that the grounds were not a "public place" as defined in the Vehicle and Traffic Law.

Attention of the court is directed to the case of Haughey, Adm'x v. Mineola Garage,

174 Misc. 332, 20 N.Y.S.2d 857, 858, in which an order was granted setting aside a Summons served in pursuance of Section 52, supra. I have not the complaint before me, but the uncontradicted statement in defendant's memorandum is that this case involved an accident occurring in a garage. The court there held that "automobile of the defendant Davis was not being operated upon a public highway at the time of the accident." It also said: "The relief afforded by the above statute is in derogation of the common law and must therefore be strictly construed." Vide also Zielinski v. Lyford, N.Y.Supreme Court, Sup.Ct., Erie County, Nov. 4, 1940. 175 Misc. 517, 23 N.Y.S.2d 489, decision by Swift, J.

Aside from the contention that the locale where this re-tiring was being done was a public place, it is claimed that the blow-out, which occurred upon the public highway, is "directly connected with or proximate to the accident or misadventure which caused the original flat tire on defendant's truck. The injury is proximate to the original accident, since if it were not for that first flat tire, there would be no need of inflating the tire." It is claimed that it must be construed here that this accident must be considered to have "arisen from and grown out of defendant's use of the public highway of the State of New York," by reason of these facts and that, therefore, it can be maintained. It does not seem that there can be any substance in this contention. The negligence is alleged to have been sustained by virtue of the act of defendant's employee. It is true that the injuries would not have resulted if there had been no flat tire, but the negligent act itself was not a necessary cause of the injury. It was entirely disconnected with it insofar as the acts constituting negligence are concerned. As well it might be urged that where an individual had suffered personal injuries in a collision upon the highways and had subsequently gone into some gasoline station where, in an enfeebled condition, he sustained injuries caused by some person on such private premises but the latter injuries are necessarily connected with the former. There is nothing in the instant case to show that the flat resulted from any "accident or collision" within the meaning of these words as used in Section 52. Further, there is nothing in the case to show that this flat resulted from causes incident to the use of the highway. It may have been caused by perforation or puncture when the truck was off the highway. We presume that it went flat near the plaintiff's station, but the thing that caused it may have resulted from conditions off from the highway.

The motion is granted.