[Civ. No. 15424. Second Dist., Div. One. Jan. 31, 1947.]

MILDRED BULLERS WEBSTER, Respondent, v. ESTHER ZEVIN, Appellant.

John M. Dvorin, Hoag & Mack and A. F. Mack, Jr., for Appellant.

Paul Nourse, as Amicus Curiae on behalf of Appellant.

John J. Wilson, Joseph Doyle and Albert E. Wheatcroft for Respondent.

WHITE, J.—Plaintiff instituted this action to recover damages for the death of her minor son, 18 years of age, as a result of being struck by an automobile.

The facts are not in controversy and may be thus epitomized: The automobile involved, a 1941 Hudson sedan, was owned by appellant Esther Zevin. Defendant Ralph F. Luria was a friend of appellant's husband who is not involved in this appeal. Appellant's husband usually drove and used his

wife's vehicle. Mr. Luria arranged with said husband on the evening of October 15, 1943, to borrow the Hudson automobile for his own convenience and not for any purpose or business of appellant or her husband. After the automobile was delivered to him, Mr. Luria drove to the Clover Club, a restaurant and night club located at 8477 Sunset Boulevard in the county of Los Angeles, arriving there about 11:30 p. m. For the purpose of storing the automobiles of its patrons, the proprietors of the Clover Club maintained an automobile parking lot adjacent to the "club" building. The main entrance to the "club" was from the parking lot. Mr. Luria drove up the ramp on the "club" premises, continued on past the entrance and parked on the upper part of the parking lot on a slope or incline on the Clover Club property. Almost immediately after Mr. Luria parked the automobile and alighted therefrom, the driverless vehicle rolled down hill from the parking lot, along the driveway, past the entrance to the "club," and down toward Sunset Boulevard. On the night in question, plaintiff's son, who was standing at or near the entrance to the "club," was struck and fatally injured by the driverless vehicle.

Following trial, judgment was rendered in favor of plaintiff for $7,000 against defendant Luria, and for $5,000 against appellant owner of the automobile, under the statutory liability (Veh. Code, § 402). From such judgment, appellant Esther Zevin alone appeals.

Respondent agrees that appellant correctly sets forth the question for determination on this appeal, when in her brief she states: "There is just one question for determination on this appeal without any ramifications or side issues whatever. It is this: Does section 402 of the Vehicle Code apply to impose liability upon the owner of an automobile for injuries or death resulting from its negligent operation by one to whom the automobile was lent solely for his own use and convenience, *where the accident occurs upon private property?*"

Appellant concedes that "the judgment of the trial court against appellant is correct if section 402 of the Vehicle Code applies, and it is in error if, as appellant contends, section 402 is not applicable to motor vehicle accidents occurring on private property."

In support of her contention that section 402 of the Vehicle Code does not apply to injuries or death resulting from negligent operation of an automobile by a borrower solely for his

own use, where the accident occurs on private property, appellant urges that the Vehicle Code is concerned with the operation of vehicular traffic upon highways only. She directs our attention to section 31 of the code which defines "vehicle" as a device by which any person or property may be propelled *upon a highway;* section 81, defining "street or highway" as a way or place "publicly maintained and open to the use of the public" for purposes of vehicular travel; section 140, which makes it a misdemeanor for any person to drive a vehicle *upon any highway* unless such vehicle is registered as required by the Vehicle Code; section 250, making it unlawful for any person to drive a motor vehicle *upon a highway* unless possessed of a valid operator's or chauffeur's license; section 403, commonly referred to as "the guest law," which limits recovery by a guest to accidents occurring *upon a highway;* section 410, sometimes referred to as the "financial responsibility law," which limits the judgment therein referred to as one obtained on account of death or bodily injury resulting from the operation by the judgment debtor of a motor vehicle *upon a highway.* By reason of the foregoing, appellant insists that the above provisions clearly demonstrate that the purpose and function of the Vehicle Code is the regulation of vehicular traffic upon the highways; that "what somebody does on private premises is not involved."

We are not in accord with appellant's contention nor the reasoning advanced in support thereof. The title of the Vehicle Code evidences no legislative intent to restrict its operation solely to vehicles upon the public highways alone. It reads, "An act to establish a Vehicle Code, thereby consolidating and revising the law relating to motor vehicles and vehicular traffic. . . ." Had the Legislature intended to confine the provisions of the Vehicle Code to public highways alone, manifestly the title would so declare.

Section 402 of the Vehicle Code now before us for interpretation, insofar as here pertinent, reads as follows:

"Section 402. Liability of Private Owners.

"(a) Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Had the Legislature intended to limit the effect of an owner's liability to accidents occurring only on a public highway it undoubtedly would have used express language to that effect, as it did in the aforesaid sections cited by appellant, and as it did in section 352 of the Vehicle Code providing for the imputation to parents of a minor's negligence in certain cases. Furthermore, section 402 was lifted from our Civil Code. It is a redraft of section 1714¼ of the Civil Code and but for the consolidation of all laws relating to motor vehicles would yet be a part of the Civil Code. Were the section now a part of the Civil Code, appellant's contention would upon its face be untenable. ▇ Transplanting the section to the Vehicle Code without change in its terms furnishes no ground for an interpretation different from what would manifestly be given it as a Civil Code provision.

As we view the statute in question, the Legislature in enacting it was not intent upon curing evils attendant upon the operation of motor vehicles upon the highways alone, but was concerned with the existing evil of unsatisfied judgments in borrowed automobile cases. By clear and understandable language, the lawmaking body imputes the negligence of the driver of a motor vehicle to its owner whenever the driver, at the time of the accident, is operating or using such vehicle with the permission, express or implied, of the owner, regardless of whether such driver is or is not on business for the owner. For a discussion of the conditions which existed at and prior to the passage in 1929 of what is now section 402 of the Vehicle Code, and the evils it was sought to remedy, see *Bayless* v. *Mull*, 50 Cal.App.2d 66, 69 [122 P.2d 608].

The case of *Sylvester* v. *Brockway Motor Truck Corp.*, 232 App. Div. 364 [250 N.Y.S. 35], cited by appellant, and which dealt with an accident occurring on private property, is not helpful because the New York statute contains direct and positive language limiting its effect to accidents occurring on a public highway.

Appellant also relies upon the case of *Burgess* v. *Cahill*, 26 Cal.2d 320, wherein the court, at page 323 [158 P.2d 393, 159 A.L.R. 1304], uses this language: "The legislation was plainly intended to enlarge the liability of the nonculpable owner of a motor vehicle for its operation *on a public highway.*" (Emphasis added.) This language does not aid appellant because when read in conjunction with its context it simply announces that, under the circumstances prevailing in that case,

where the accident happened on a public highway, the negligence of the driver was imputed to the nonculpable owner. The case does not in any manner hold that such liability is restricted to accidents occurring on public highways. On the contrary, in stating the legislative purpose attendant upon the enactment of section 402 of the Vehicle Code, the court says:

"A reading of the language of the statute and a review of the decisions in this state reveal that the legislative purpose in the enactment of section 1714¼ of the Civil Code (now Veh. Code § 402), was to protect innocent third parties from the careless use of automobiles and that this protection should be paramount to the rights of an owner who has permitted the use of his car by others even though he, personally, was not guilty of negligence. The wording of the statute is clear and indicates that purpose. The statute defines the owner's liability in cases where the principle of *respondeat superior* is inapplicable, in order to make the owner liable for the negligence of any person to whom he had expressly or impliedly given permission to operate his car." (Citing cases.)

We therefore hold that the legislative intent as expressly stated in the statute was to protect persons who might be injured either upon a public highway or upon private property as a result of the negligent operation of motor vehicles by persons other than the owners thereof, who are operating the same with the permission of such owners. Were we to hold otherwise we would be departing from the clear meaning of the language of the statute which is free from ambiguity. We would be required to rewrite a statute to accord with a presumed legislative intent. To write into the statute a limitation of its application to accidents occurring solely upon public highways and to thereby withhold its application from cases where injuries or death occur on private property would not be construction of the statute at all, but would amount to judicial legislation, and courts are without power to legislate.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 3, 1947, and appellant's petition for a hearing by the Supreme Court was denied March 31, 1947.