[Civ. No. 15511.   Second Dist., Div. One.   June 2, 1947.]

ORA BAUGH, Appellant, v. FRANCIS L. ROGERS et al., Defendants; A. W. WARNOCK, Respondent.

James C. Webb and Kenneth Sperry for Appellant.

Nourse & Jones and Jones, Thompson & Kelley for Respondent.

YORK, P. J.—The instant cause has been tried twice. At the conclusion of the first trial a judgment for defendants was rendered, but plaintiff's motion for a new trial was granted. The order granting a new trial was sustained on appeal by the Supreme Court.   (*Baugh* v. *Rogers,* 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043].)

In the instant trial, the jury rendered a directed verdict in favor of defendant Rogers and brought in a verdict for the plaintiff and against defendant Warnock for the sum of $5,000, whereupon a motion for judgment notwithstanding the verdict was granted in favor of defendant Warnock.   From the judgment which followed the granting of such motion, plaintiff has perfected this appeal.

The essential facts which form the background of this extended litigation are the following:

Plaintiff was employed by defendant Rogers, a physician and surgeon, who, in addition to living quarters, maintained certain rooms in his residence as an office.   Plaintiff, who was

engaged by the wife of defendant Rogers to work at the residence by the hour one day each week, did cleaning and other household duties in such parts of the premises as Mrs. Rogers directed. On July 22, 1941, at a time when plaintiff was cleaning the office, she was directed by Mrs. Rogers to go outside on the driveway and close a window in the office, while Mrs. Rogers was holding said window from the inside. While carrying out such directions, plaintiff was struck and injured by an automobile negligently operated by Dr. Rogers. The automobile was owned by defendant Warnock and was being driven with his consent.

This appeal is presented upon the clerk's transcript and an engrossed settled statement (in lieu of reporter's transcript), the latter document reciting that oral and documentary evidence was offered at the instant trial, which, with the exception of an exhibit and "some additional evidence tending to further establish the status of the driveway, was substantially the same as the evidence introduced at the former trial herein. . . . The evidence so adduced was sufficient to support the verdict of the jury in favor of the plaintiff and against the defendant A. W. Warnock . . . except for the reason as determined by the Trial Court as a matter of law that plaintiff's injuries were sustained by the operation of a motor vehicle upon private property belonging to the defendant Francis L. Rogers, and that the liability created by section 402 of the Vehicle Code has no application thereto."

Said settled statement sets forth the points to be raised on this appeal as follows:

"1. The Trial Court erred in granting the motion of the defendant A. W. Warnock for judgment notwithstanding the verdict.

"(a) The defendant A. W. Warnock was precluded from questioning the sufficiency of the evidence to support the verdict or judgment in plaintiff's favor by reason of the law of the case as established by the decision of the Supreme Court in connection with the former appeal herein, reported in 24 Cal.2d at Page 200, wherein it was, in effect, held that a cause of action in favor of the plaintiff had been established by substantially the same evidence, and wherein the same contentions here urged by the defendant Warnock in support of his motion for a judgment notwithstanding the verdict were presented to the Supreme Court in his petition for rehearing in that court.

"(b) The sole basis for the ruling of the Trial Court, namely, that Section 402 of the Vehicle Code has no application to the negligent operation of a motor vehicle upon private property, is contrary to the express wording of the statute.

"(c) The ruling of the Trial Court is based upon an erroneous conception of the law."

Appellant urges these points in her briefs now before this court.

That portion of section 402 of the Vehicle Code pertinent to the situation here presented reads as follows:

"(a) *Responsibility of owner for negligent operation by person using motor vehicle with permission: Imputation of negligence.* Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

In a recent case decided by this court, to wit: *Webster* v. *Zevin,* 77 Cal.App.2d 855, 856 [176 P.2d 960] (hearing denied by the Supreme Court), the identical question which now confronts the court was stated as follows:

"Does Section 402 of the Vehicle Code apply to impose liability upon the owner of an automobile for injuries or death resulting from its negligent operation by one to whom the automobile was lent solely for his own use and convenience, *where the accident occurs upon private property?*" (Emphasis included.)

In answering that question in the affirmative, it was stated (pp. 858, 859):

"As we view the statute in question, the Legislature in enacting it was not intent upon curing evils attendant upon the operation of motor vehicles upon the highways alone, but was concerned with the existing evil of unsatisfied judgments in borrowed automobile cases. By clear and understandable language, the lawmaking body imputes the negligence of the driver of a motor vehicle to its owner whenever the driver, at the time of the accident, is operating or using such vehicle with the permission, express or implied, of the owner, regardless of whether such driver is or is not on business for the owner. For a discussion of the conditions which existed at

and prior to the passage in 1929 of what is now section 402 of the Vehicle Code, and the evils it was sought to remedy, see *Bayless* v. *Mull,* 50 Cal.App.2d 66, 69 [122 P.2d 608]. . . .

"We therefore hold that the legislative intent as expressly stated in the statute was to protect persons who might be injured either upon a public highway or upon private property as a result of the negligent operation of motor vehicles by persons other than the owners thereof, who are operating the same with the permission of such owners. Were we to hold otherwise, we would be departing from the clear meaning of the language of the statute which is free from ambiguity. We would be required to rewrite a statute to accord with a presumed legislative intent. To write into the statute a limitation of its application to accidents occurring solely upon public highways and to thereby withhold its application from cases where injuries or death occur on private property would not be construction of the statute at all, but would amount to judicial legislation, and courts are without power to legislate."

Applying the above quoted ruling to the facts presented by the instant cause, the trial court erred when it granted respondent Warnock's motion for judgment notwithstanding the verdict.

For the reasons stated, the judgment appealed from is reversed, and the trial court is directed to enter a judgment in favor of appellant Ora Baugh in accordance with the verdict rendered by the jury herein.

Doran, J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 31, 1947.