Frank J. Kronenberg, J.
The defendant was convicted in the Niagara Falls Police Court of reckless driving in violation of section 58 of the Vehicle and Traffic Law. The driving took *682 place on a privately owned parking area of a plaza containing several stores in that city.
Section 58 prohibits driving ‘ which unreasonably interferes with the free and proper use of the public highway ”. The appeal is based upon defendant’s contention that the driving did not take place on a public highway. His contention must be upheld and the conviction must be reversed.
Subdivision 2 of section 2 of the Vehicle and Traffic Law defines a public highway as including “ any highway, road, street, avenue, alley, public place, public driveway or any other public way”. In People v. Westchester County (282 N. Y. 224) the court, while considering an entirely different question, noted that a public highway is one over which the public has a general right of passage in motor vehicles, regardless of whether such right was established by prescription, dedication, or under the right of eminent domain. The implication is that if no such right has been established by prescription, dedication, or eminent domain, then the highway is not public.
Such interpretation is borne out by other cases. In Weeks v. Byrnes (33 N. Y. S. 2d 65, 67) the Erie County Court held that a parking lot adjacent to an A. & P. store was not a public highway, stating that “ It appears that the ultimate test is the right to unrestricted use by the public except for the usual police regulations. The public has no unrestricted use as to this private parking space.”
In Sylvester v. Brockway Motor Truck Corp. (232 App. Div. 364, 366) the court held that a roadway on the grounds of the Saratoga race track was not a public highway. The court noted that the race track could have closed the grounds and excluded the public, or charged a fee for admission any time it wished, and stated that “ If it were a public place in the usual and ordinary meaning of that term, there would be no right to charge a fee”, and further stated that “ admission by permission of the owner and the right of such owner to exclude all comers at any time are not characteristics of streets or public places ’ ’ ’.
In Zielinski v. Lyford (175 Misc. 517), the Erie County Court held that a driveway which some members of the general public may use from time to time is not necessarily a public driveway, since the owner could at any moment prevent any member of the general public from using its property.
A road upon the grounds of the New York World’s Fair was held not to be a public highway in Catalano v. Maddux (175 Misc. 24).
*683 The opinion of Magistrate Shapiro in People v. Taylor (202 Misc. 265), demonstrates that the Legislature in enacting the Vehicle and Traffic Law was aware of the distinction between public and private roadways. He points out that some sections of that statute apply to both types of roads, while others, including section 58, are limited to public roads. It is interesting to note that the present definition in section 2 is carried over without substantial change as section 134 of the Vehicle and Traffic Law (L. 1957, ch. 698, enacting new rules of the road). This chapter does not go into effect until July, 1958, and it might be advisable to call to the attention of the Legislature the desirability of amending the chapter to cover situations such as the instant one.
The conviction is reversed, the fine of $100 ordered remitted, and the information as to violation of section 58 is dismissed.