OPINION OF THE COURT
Memorandum.
The order appealed from should be affirmed. The People appeal from an order of the Appellate Term, affirming an order of the Town Court of the Town of East Fishkill, which dismissed three simplified traffic informations charging defendant with various traffic violations allegedly committed on a public highway. The only issue before this court is whether the situs of the incident is a "public highway” as defined in section 134 of the Vehicle and Traffic Law. We agree with the courts below that it is not.
The incident occurred in the parking lot of a tavern. The building is a two-story wooden structure; the bottom floor is used as the tavern and the second floor contains a one-family residential unit. The parking lot is composed of dirt and gravel, measures approximately 150 feet by 45 feet, and is located in front of the building. Its use is restricted to patrons of the tavern and to the second-floor tenants of the building. When the tavern is closed, parking is restricted to these tenants and their guests.
Section 134 of the Vehicle and Traffic Law defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way.” The People contend that the parking lot described above is a "public place” and is thus a "public highway”. We disagree. While the definition might appear to be rather broad, the parking lot involved in this case simply does not come within its bounds. The language of the statute indicates that for something to be a public highway, it must be a public way; that is, it must be a way "over which the public have a general right of passage” (People v County of Westchester, 282 NY 224, 228, quoting Elliott on Roads and Streets, § 3, p 4; see, also, Sylvester v Brockway Motor Truck Corp., 232 App Div 364). In light of the size and restricted use of this privately owned parking lot, it is clear that it is not a public way, and thus cannot be a public highway.
*683 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.