OPINION OF THE COURT

Per Curiam.

Petitioners are retail grocers holding grocery beer licenses. Because they were unable to pay debts owed to their suppliers the State Liquor Authority placed them on the retail license delinquent list pursuant to section 101-aa of the Alcoholic Beverage Control Law. The effect of placement on the delin *467 quent list was to prohibit the petitioners from receiving further deliveries of alcoholic beverages on credit.
Thereafter a chain store acquired control of petitioners and entered into a common-law composition with their creditors in lieu of bankruptcy proceedings. The amount owed by petitioners to their alcoholic beverage suppliers amounts to approximately 1% of the total funded by the arrangement. According to the terms of the composition creditors have the option to receive a maximum of 36 cents on the dollar with payments spread over a five-year period.
The State Liquor Authority declined to remove petitioners from the delinquent list. It determined that the composition, to the extent that it compromised debts owed to suppliers of alcoholic beverages, violated subdivision 9 of section 101-aa of the Alcoholic Beverage Control Law because it did not provide for payment in full. It also determined that the deferral of payments violated subdivision 7 of section 101-aa of the Alcoholic Beverage Control Law.*
Special Term confirmed the determination of the State Liquor Authority and the Appellate Division reversed holding that the composition was payment in full as a matter of law.
A principal object of the Alcoholic Beverage Control Law is to foster the orderly sale and distribution of alcoholic beverages within the State. To prevent manufacturers and wholesalers of alcoholic beverages from gaining economic control of their customers the Legislature has, for example prohibited manufacturers or wholesalers from having any interest in retail premises, from making loans or gifts to retailers, or from granting any preference to favored dealers.
*468 As part of the legislative scheme to prevent the economic subjugation of retailers subdivision 7 of section 101-aa of the Alcoholic Beverage Control Law provides that the authority may allow credit sales to a delinquent retailer "who has actually made payment for alcoholic beverages, or on good cause shown”. The authority interprets this to require that payments have been completed, not merely commenced, before it may permit deliveries on credit.
 By now it is settled law that the interpretation given a statute by the agency charged with its enforcement will be respected by the courts if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434; Matter of Bernstein v Toia, 43 NY2d 437). We find that the authority’s interpretation of subdivision 7 of section 101-aa of the Alcoholic Beverage Control Law is not irrational or unreasonable. Nor was its application by the authority, in this case, arbitrary.
Accordingly, the order of the Appellate Division should be reversed and the judgment of Special Term dismissing the petition and confirming the determination of the authority reinstated, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.

 Subdivisions 7 and 9 (par a) of section 101-aa of the Alcoholic Beverage Control Law indicate the circumstances under which the authority may permit a delinquent retail licensee to receive delivery of alcoholic beverages on credit:
"7. The authority in the case of a retail licensee who has actually made payment for alcoholic beverages, or on good cause shown to it, may permit sales or deliveries to any retail licensee who has received notice of default or who is named on any delinquent list, on terms other than for cash, but within the limitations of this section, prior to the publication of the next appropriate delinquent list”.
"9. a. All retail licensees who fail to pay manufacturers or wholesalers for alcoholic beverages sold or delivered to such retail licensees by such manufacturers or wholesalers subsequent to the effective date of this section, shall liquidate and pay such unpaid balances to such manufacturers or wholesalers in equal monthly installments over a period of three months from the date upon which such unpaid balances become due. The authority, shall not, however because of such indebtedness or failure to pay such refuse to renew the license of any such licensee”.