■ POLICE CONFERENCE OF NEW YORK, INC., Appellant, v S. STANLEY KREUTZER et al., as Commissioners of the New York Temporary State Commission on Regulation of Lobbying, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 25, 1982 in Albany County, which granted defendants' motion for summary judgment declaring that plaintiff is a lobbyist pursuant to the Regulation of Lobbying Act and denied plaintiff's cross motion for summary judgment. In this action, plaintiff, Police Conference of New York, Inc. (PCNY), a not-for-profit corporation composed of police officer associations (PBA's), seeks a judgment declaring that it is not subject to the jurisdiction of the New York Temporary State Commission on Regulation of Lobbying Act (L 1977, ch 937, repealed by L 1981, ch 1040).* When the action was commenced in March, 1981, subdivision (a) of section 3 of the Regulation of Lobbying Act defined "lobbyist" as: "every person, firm, corporation or association retained, employed or designated, by any person, firm, corporation or association, or by any public corporation, who, on behalf of such entity and pursuant to such retainer, employment or designation attempts to influence the passage or defeat of any legislation by either house of the legislature". Subdivision (b) of section 3 defined the terms "lobbying" as any attempt "to influence the passage or defeat of any legislation by either house of the legislature". By further provisions of the act, lobbyists were required to file with the Temporary State Commission on Regulation of Lobbying a statement of registration (§ 5, subd |a|) as well as periodically the amount of expenses incurred by the lobbyist during the reporting period (§ 8, subds |a|, [b]). Although the constitution and by-laws of plaintiff provide in article 2 that the purposes of PCNY including proposing and supporting legislation favorable to police officers, and a pamphlet prepared by PCNY to recruit new members states that "[w]e have one of the most effective lobbying efforts in Albany", plaintiff contends in its declaratory judgment action that it was not "retained, employed or designated by any person, firm, corporation or association to attempt to influence passage or defeat of legislation" and, therefore, is not a lobbyist within the meaning of the Regulation of Lobbying Act since it lobbies exclusively in its own behalf. After issue had been joined in the action, both parties moved for summary judgment. Special Term granted defendants' motion declaring that plaintiff ·is a lobbyist. We agree. The uncontroverted evidence reveals that plaintiff engages in vigorous lobbying efforts for the purpose of influencing the outcome of pending legislation affecting police officer associations. In the face of this evidence, to suggest as plaintiff does that it is not a lobbyist because it lobbies exclusively on its own behalf violates the plain meaning of the statute (see *People v Cruz*, 48 NY2d 419, 428) whose interpretation by the agency charged with its enforcement

---

* Although chapter 937 of the Laws of 1977 was repealed by chapter 1040 of the Laws of 1981, chapter 1040 of the Laws of 1981 carries forward the relevant provisions of the Lobbying Act relating to the definition of lobbying and the reporting and registration requirements contained therein. This re-enactment indicates an uninterrupted application of the provisions relevant to plaintiff.

must be upheld if not irrational or unreasonable (*Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464, 468). The judgment should, therefore, be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.