■■■ STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant, v ACTION PARK, INC., Respondent.—Order unanimously reversed on the law without costs and petition granted. Memorandum: Each respondent operates a "fun center" consisting of a go-kart track, game room and snack bar. Respondent Four Seasons Enter-

prises, Inc. also includes a driving range and a miniature golf course as part of its operation. At each establishment, a customer is charged a fee for use of the go-kart track.

In separate petitions, the State seeks to enjoin operation of the go-kart tracks. It is alleged that each respondent failed to procure a permit issued by the Commissioner of Labor as required by Labor Law § 870-d and failed to purchase sufficient liability insurance as required by Labor Law § 870-f. Supreme Court found that because respondents do not operate "amusement parks" within the meaning of Labor Law § 870-c (2) they are exempt from the permit and insurance requirements. We disagree, and we reverse and grant the petition in each case.

Labor Law article 27, in relevant part, applies to amusement devices at amusement parks "where an admission or fee is customarily or usually charged" (Labor Law § 870-b [1]). The parties agree, and Supreme Court found, that a go-kart track is an amusement device as defined by Labor Law § 870-c (1). An "amusement park" is defined as "a tract or area used principally as a permanent location for amusement devices or structures" (Labor Law § 870-c [2]). The agency charged with the enforcement of article 27 is the Department of Labor. The Commissioner of Labor has determined that the tract or area used by each respondent for operation of the go-kart tracks is an amusement park within the meaning of the Labor Law. Since that interpretation is not irrational or unreasonable, it must be upheld (see, Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464, 468; Matter of Howard v Wyman, 28 NY2d 434, 438).

Labor Law § 870-d provides that no amusement device "may be operated in the state without a permit" issued by the Commissioner of Labor. Before such a permit may be issued, the operator of the device must furnish proof of liability insurance in an amount not less than $1 million (Labor Law § 870-f). Here, because each respondent has purchased liability insurance in the sum of only $300,000, the Commissioner is prohibited by law from issuing a permit for operation of either go-kart track. Since both respondents are acting in violation of law, the operation of both go-kart tracks must be enjoined. (Appeal from order and judgment of Supreme Court, Niagara County, Mintz, J.—permanent injunction.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.