■ TIMOTHY MULHERN, Appellant, v GEORGE A. VOSSLER et al., Constituting the City of Buffalo Municipal Civil Service Commission, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: In this CPLR article 78 proceeding, petitioner seeks a determination that he is eligible for appointment as a police officer of the City of Buffalo. Supreme Court dismissed the petition, and we affirm.

There can be no doubt that petitioner, who is over 29 years of age, has not satisfied the basic requirements set forth in Civil Service Law § 58 (1) for appointment as a police officer. He argues, nevertheless, that because he holds a permanent appointment in the competitive class as a security officer of the Buffalo Municipal Housing Authority, he is a "police officer" as defined in Civil Service Law § 58 (3) and is thus eligible, pursuant to Civil Service Law § 58 (4), for appointment as a police officer of the City of Buffalo without satisfying the age requirement. We disagree. The legislative history of amendments to Civil Service Law § 58 demonstrates that references to officers of a housing authority in those subdivisions (see, L 1968, ch 795) are intended to apply to housing authority officers who qualify as "police officers". New York City Housing Authority officers, for example, are statutorily designated as "police officers" (see, Public Housing Law § 402; CPL 1.20 [34] [e]), but security officers of the Buffalo Municipal Housing Authority are designated as "peace officers" (see, CPL 2.10 [17]). Eligibility requirements for appointment as a police officer are more demanding than those required for appointment as a security officer of the Buffalo Municipal Housing Authority.

The State Department of Civil Service has opined, and the Buffalo Municipal Civil Service Commission has ruled, that officers of the Buffalo Municipal Housing Authority are not "police officers" within the meaning of Civil Service Law § 58 and are not entitled to the benefit of the age exemption in subdivision (4) of that section. This interpretation of the statute is reasonable and must be upheld (see, Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464;

*Matter of Howard v Wyman,* 28 NY2d 434). (Appeal from judgment of Supreme Court, Erie County, Joslin, J.—art 78.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.