## THE STATE v. ED. PIKE, Appellant.

### Division Two, December 22, 1925.

1. **INFORMATION:** Automobile: Intoxicated Driver. An information charging that "one Ed. Pike did then and there wilfully, unlawfully and feloniously drive and operate a motor vehicle, to-wit, an automobile, while the said Ed. Pike was then and there under the influence of intoxicating liquor, contrary," etc., sufficiently charges the offense denounced by the statute.

2. ———: ———: ———: **On Public Highway.** An information, charging that defendant drove a motor vehicle while in an intoxicated condition, is not defective because it does not state that he was driving the vehicle on a public highway. The statute does not require, as an element of the offense, that the driving should be done on a public highway.

3. **CONSTITUTIONAL ACT:** Title: Automobile: Intoxicated Driver. The Act of 1921, making it a felony for any person to operate an automobile while in an intoxicated condition, does not violate

State v. Pike.

Section 28 of Article 4 of the Constitution, relating to the title and subjects of bills, for any ground presented in this case.

Criminal Law, 17 C. J., Section 3421, p. 130, n. 84.  Statutes, 36 Cyc., p. 1035, n. 52.

Appeal from Ray Circuit Court.—*Hon. Ralph Hughes,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *George W. Crowder,* Assistant Attorney-General, for respondent.

The information is based on Paragraph G of Section 27, Laws 1921, and follows the language of the statute.  This is all that is necessary in charging a statutory crime.  Laws 1921, First Ex. Sess. p. 103, sec. 27, par. (g); State v. Moten, 276 Mo. 354; State v. Bersch, 276 Mo. 397; State v. Knost, 207 Mo. 18.  The statute does not require that the operation of an automobile by an intoxicated driver shall be upon the public highway.  In this respect the new statute is identical with all of its predecessors.  It is not a road regulation, but a prohibition against an intoxicated person operating an automobile.  Sec. 7595, R. S. 1919; Laws 1917, p. 415, sec. 13.

WHITE, J.—On May 28, 1925, in the Circuit Court of Ray County, in a trial before a jury, the defendant was found guilty of operating a motor vehicle while intoxicated.  His punishment was assessed at three months' imprisonment in the county jail and a fine of one hundred dollars.  From the judgment thereon the defendant appealed to this court.

The record presented here shows that the court granted leave to file a bill of exceptions, but no bill of exceptions was ever filed.  We have, therefore, only the record proper for consideration.

I.   The information upon which the defendant was found guilty is as follows:

"A. Moody Mansur, Prosecuting Attorney within and for the County of Ray, in the State of Missouri, and *Information.* upon his official oath informs the court that on or about the 11th day of April A. D. 1925, at the said County of Ray, State of Missouri, one Edd Pike did then and there wilfully, unlawfully and feloniously drive and operate a motor vehicle, to-wit, an automobile, while the said Edd Pike was then and there under the influence of intoxicating liquor; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Missouri."

It is based upon Paragraph G of Section 27 of the Acts of the Special Session of the Legislature for 1921, relating to motor vehicles, found on page 103, Laws 1921, as follows:

*"Driving in an intoxicated condition*:   No person shall operate a motor vehicle while in an intoxicated condition or when under the influence of drugs."

The information sufficiently charges a violation of that clause.   The punishment for the offense is provided in Section 29(c), found on page 105, Acts of Special Session of 1921, which says:

"Any person who violates paragraph G of Section 27, shall be deemed guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for a term not exceeding five years, or by confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars or by both such fine and imprisonment."

The motion in arrest of judgment which appears in the record complains that the information is in violation of Section 22, Article II, of the Constitution, in that it did not apprise the defendant of "the nature and cause of the accusation."   We think the information sufficiently meets that requirement.

II.   It is also complained in the motion in arrest that the statute under which the defendant was found guilty is unconstitutional under Section 28, Article IV, of the Constitution, relating to the title and subjects of a bill.   No specific violation is pointed out in the motion and we find none.

Title of Act.

III.   It is further complained in the motion in arrest that the information is fatally defective because it does not set forth that the defendant was driving a motor vehicle on a public highway while intoxicated.   The statute in the paragraph quoted above, does not require, as an element of the offense, that the driving should be done on a public highway.   Circumstances of aggravation were in the legislative contemplation, as indicated by the wide range of punishment fixed for the offense. [State v. Hatcher, 303 Mo. l. c. 24.]

As well stated by the Attorney-General, paragraph G of Section 27 "is not a road regulation, but a prohibition against an intoxicated person operating an automobile."

We find no error in the record and the judgment is affirmed.   All concur.