The People of the State of New York, Plaintiff, *v.* Archibald Rue, Defendant.

City Court of Middletown, March 15, 1938.

*Walter E. Deisseroth, Corporation Counsel,* for the plaintiff.

*Bull & Morreale* [*Paul Morreale* of counsel], for the defendant.

Faulkner, J. By an informal agreement between the corporation counsel, representing the People, and the defendant's counsel, for which no authority can probably be found in the Code of Criminal Procedure, it was left to the court to determine in advance of trial whether if the allegations of the complaint were true a crime has been committed. With no intention of restricting my right of otherwise deciding this question at the time of trial I now decide that the allegations as pleaded, if established, would constitute a crime.

The complaint alleges that the defendant committed a misdemeanor under subdivision 5 of section 70 of the Vehicle and Traffic Law in that he, while in an intoxicated condition, drove his motor vehicle on and along a public driveway between the Mitchell Inn and the City Hall. The title to this driveway is in one Peter Mitchell, who pays taxes thereon, and over it travel those whose automobiles are brought to his parking lot in the rear thereof; and also for a part thereof, those who have business in the City Hall. Because of the conclusion that I have reached, it is unnecessary for me to pass upon the question whether this driveway constitutes a public highway as defined by subdivision 2 of section 2 of the Vehicle and Traffic Law.

That portion of subdivision 5 of section 70 with the violation of which the defendant is charged reads as follows: "Operating motor vehicle or motor cycle while in an intoxicated condition. Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor." This was formerly subdivision 3 of section 290 of the Highway Law. In 1929 those provisions affecting motor vehicles were embodied in the Vehicle and Traffic Law by chapter 54 of the laws of that year. The use of highways by motor vehicles was first covered by amendments made to the Highway Law by chapter 531 of the Laws of 1901 and chapter 625 of the Laws of 1903. Then, by chapter 538 of the Laws of 1904, the first motor vehicle law was enacted and it was entitled " An act in relation to the registration and identification of motor vehicles *and the use of the public highways by such* vehicles." The short title of this statute was " Motor Vehicle Law." Apparently because the use of motor vehicles in 1904 was extremely limited, this law contained no provision respecting their operation by intoxicated persons.

Subdivision 1 of section 1 provided that such chapter should be controlling upon the use by motor vehicles of public highways. The following sections specifically referred to " a public highway:" Section 3, limiting speed, regulating the operator's conduct towards pedestrians or animals and setting forth his duty in case of accident to a person or property; and section 4, constituting the " Rules of the Road " and treating the matter of equipment. After the statutory consolidation of 1909 the motor vehicle portion of the Highway Law was found in article 11 of chapter 30 of the laws of that year, and chapter 374 of the Laws of 1910 repealed this and inserted a new article 11. Section 280 thereof provided that the article except as indicated would be exclusively controlling " on their [motor vehicles] use of the public highways."

For the first time is found statutory reference to motor vehicle operation by intoxicated persons. (§ 290.) The language is precisely as hereinbefore quoted from subdivision 5 of section 70 of the Vehicle and Traffic Law. The sections dealing with equipment and " Rules of the Road " (286), and with speed (287), specifically referred to operation of motor vehicles on public highways. It is significant to note that reference to a public highway was not made in connection with the operation by intoxicated persons and that section 2 of chapter 538 of the Laws of 1904, previously referred to, was amended by deleting therefrom any reference to a public highway in connection with the report to be made by operators when they injured either person or property. Also subdivisions 4 and 5 of section 290 of the same law provided

that one whose operator's license was revoked or whose certificate of registration had been suspended was guilty of a misdemeanor if during such period of suspension or revocation he operated a motor vehicle. Nothing was said as to the place of operation. Yet the Vehicle and Traffic Law treating of these matters now provides that in order to constitute a crime the operation must be upon a "public highway." In other words, a distinction is made between certain acts committed on and others off the public highway.

The Vehicle and Traffic Law is entitled "An act relating to motor vehicles, motor cycles and highway traffic." These three matters are covered by it in eight articles. Article 3, embracing provisions applying specially to motor vehicles, and article 4, embracing provisions applying specially to motor cycles, provide, in sections 10 and 40, respectively, that such articles, except as indicated, "shall be exclusively controlling * * * on their use of public highways." Subdivision 5 of section 70 is not contained within either of those articles, but is in article 5, in which will be found no statutory application similar to those in connection with articles 3 and 4. From this it may be assumed that the matters treated in article 5, including the operation while intoxicated, were not limited to public highways.

The provisions of the Vehicle and Traffic Law touching upon public highway operation are very numerous and concern themselves with the following matters: No operation without registration (§ 11); no operation without number plates (§ 12); no operation without adequate equipment (§ 15); no operation of trucks or tractors without proper data painted thereon (§ 16); no operation for hire without posting indemnity bonds (§ 17); speed of motor vehicles (§ 56), and reckless driving (§ 58). In addition thereto section 59 imputes to the owner of a motor vehicle the negligence of a duly authorized operator resulting in damages sustained upon a public highway.

Subdivision 5 of section 70 in no way, either by a statutory application or by its phraseology, limits the crime to acts occurring on a public highway. There is no reference to a public highway anywhere in this subdivision as there are in the many instances previously pointed out. The language, "Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor," is unmistakingly clear. Driving while intoxicated is prohibited in every place, public highway or otherwise. That is what the Legislature has said. If the Legislature only intended to prohibit such operation on public highways, why did not it use the same phrase so often utilized in other sections of the Vehicle and Traffic Law?

While criminal statutes according to the general rule must be strictly construed (25 R. C. L. 1081), nevertheless one should be liberally construed which was designed to protect the public from the menace of automobiles operated without the proper supervision. The operation by intoxicated drivers creates a great and imminent peril.

In 42 C. J. (p. 1294) the rule supporting the position taken herein is stated as follows: " However, a statute which merely provides that no person shall operate a motor vehicle while in an intoxicated condition does not require, as an element of the offense, that the driving should be done on a public highway." There is cited *State* v. *Pike* (312 Mo. 27; 278 S. W. 725). Another case sustaining this view is *State* v. *Dowling* (204 Iowa, 977). The court said:

" I. Section 5027 of the Code of 1924 provides: ' Whoever while in an intoxicated condition operates a motor vehicle shall upon conviction be sentenced to the penitentiary for a period not exceeding one year, or be punished by a fine of not more than one thousand dollars or by both such fine and imprisonment.'

" Nowhere in said legislation is there any indication that the offense contains the prerequisite of commission upon a public road or street, nor does the fact that it is found in the chapter relating to motor vehicles and the ' law of the road ' signify that, because of said title, construction requires the implication that the definition is not complete without including, by inference, such unexpressed condition. See *State* v. *Pike*, 312 Mo. 27; 278 S. W. 725. Important is the fact that throughout the chapter the legislators have limited the scope of the act to the public thoroughfares, if they so intended, and when the thought was otherwise, the omission expresses it. Automobiles have been declared dangerous instrumentalities, and it can be readily understood why their operation by intoxicated persons would not be allowed anywhere, for the very good reason that the influence of liquor upon the human mind is such that the addict might not remain off the public way, but because of said very loss of self-control, wander or recklessly drive the machine in front of or over others legitimately using the ' road,' oftentimes causing injury, destruction, or death. Immateriality, therefore, prevented the ' amendment ' from resulting in harm to the appellant."

Let counsel appear to set the trial date.