## Commonwealth v. Oakley

*Willard S. Curtin,* assistant district attorney, for Commonwealth.

*Clarence J. Buckman,* for defendant.

BOYER, J., March 13, 1939.—The above defendant was charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor. There

was direct evidence to the effect that defendant was intoxicated and while in that condition operated a car upon the lawn and private property of another person. There was also circumstantial evidence upon which the court instructed the jury that they might find defendant had also operated the car upon a public highway. Defendant demurred to the evidence, which demurrer was overruled and a verdict of guilty returned by the jury. Thereupon these motions were filed and will be considered together herein.

The motion for a new trial was based on alleged error in the charge of the court to the effect that the jury might find that defendant had operated the car upon a public highway while intoxicated. We have carefully read the evidence and have reached the same conclusion that we did upon the trial of the case, namely, that there was ample circumstantial evidence to support such a finding. This evidence includes the facts that defendant was seen to operate the car upon the lawn, the automobile tracks came from the highway, and defendant gave a detailed account of his actions during several hours preceding his arrest in which he admitted that he personally drove the car from place to place upon the highways and that no one was with him. We do not feel it necessary to review this evidence in detail. This motion must be overruled.

The motion in arrest of judgment is based on the demurrer to the evidence, and raises the single legal question of whether or not under our act of assembly it is a criminal offense for any person to operate a motor vehicle upon private property while intoxicated. Defendant contends that it was not within the intention of the legislature to make that a criminal offense, basing his reasons: First, on the title of the act; second, the specifying of the limitation to highways in numerous other provisions of the act; and third, on the definition of the word "operator" of a motor vehicle.

The indictment was drawn under The Vehicle Code of May 1, 1929, P. L. 905, sec. 620 (f). It is not necessary

to quote the entire title of the act. The first phrase consisting of nine words is a sufficient answer to defendant's contention, namely: "An Act for the protection of the public safety". This indicates the main purpose of the act, and is therefore sufficient to include the broader meaning of the section in question. It is apparent that the chief concern of the legislature in all this legislation is public safety. While many of the provisions of the act do not directly indicate that they were intended for the protection of the public, nevertheless they can all be traced to this fundamental purpose. We, therefore, conclude that this first, and most important phrase of the title, expresses the main intent of the act in the light of which every provision in the act is to be interpreted.

The contention that the definition of the word "operator" limits the section in question to operations of motor vehicles upon the highway is wholly without merit. The word "operator" is not used in the section in question, but in lieu thereof the words "any person" is used. This, in itself, is most significant. If the legislature had intended these provisions to be limited to "operators" as defined, it would have used that term. We must assume, therefore, that the legislature intended all of the subsections to apply to "any person" except where the contrary was indicated, as in subsections (h) and (i).

In the third place, this section and subsection of the act are, in themselves, so clear in their language that there can be no excuse whatsoever for trying to read something into the section which the legislature did not put there. The provision is, "it shall be unlawful for *any person* . . . To operate a motor vehicle while under the influence of intoxicating liquor . . ." Neither the title of the act nor the language of this section indicates in the slightest degree that the legislature intended to limit its application. In two other subsections of section 620, the legislature clearly expresses such a limitation. We must assume that they did so advisedly and that if they had intended the

same restriction to apply to subsection (f), they would have used the same words, "upon the highways".

Finally, the unquestioned necessity for the general prohibition against drunken drivers supports these conclusions. Every year in this Commonwealth literally millions of cars are operated and parked in great numbers at places and on occasions of public and semipublic gatherings. Such places and occasions include parks, picnic grounds, baseball games, football games, races, hotel grounds, parking grounds of banks and other institutions, school properties, theatres, and political and other public meetings. At many of these places cars are crowded together and frequently drive where pedestrians are crowded, calling for great caution and skill in handling cars with the accompanying dangers to the safety of others. To say that the public was not intended to be protected against drunken drivers at such places and occasions would be an unjustified reflection upon the intelligence and integrity of the legislature. It all indicates that the legislature meant exactly what is said.

This question has never been passed upon by any Pennsylvania appellate court, and the only reported decision of any lower court in this State is the case of Commonwealth v. Campbell, 84 Pitts. 681, in which the court held that the act applied to operators upon private property just as fully as to operators upon the highway. We are fully in accord with the court's reasoning and conclusions in that case. The case of Commonwealth v. Fox, 17 D. & C. 491, cited by defendant, is not in point, the question in the present case not being involved in that case in the slightest degree. The alleged offense in that case was admittedly committed upon a highway and an expression on this question by that court was the merest dictum. There is some authority in other States in accord with the conclusion we have reached: State v. Pike, 312 Mo. 27, 278 S. W. 725; 42 C. J. §1290, p. 1329.

Now, March 13, 1939, the motions for new trial and in arrest of judgment are overruled.