GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under a Deed of Trust Dated February 14, 1916, Respondent, v. NEW YORK TRUST COMPANY, as Executor and Trustee under the Will of CORNELIUS J. SULLIVAN, Deceased, et al., Appellants; HELEN SULLIVAN et al., Appellants-Respondents; SULLIVAN, DON-OVAN & HEENEHAN and ELI WHITNEY DEBEVOISE, Attorneys-Respondents, et al., Defendants.— In an action by the trustee of an *inter vivos* trust to settle an account, and for a judgment declaring the rights of defendants to the principal of the trust upon the termination of a life interest therein, judgment, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ. [See *post,* p. 1016.]

In the Matter of DENIS J. DONEGAN et al., Appellants, against E. FLOYD GRIFFIN et al., Constituting the Board of Appeals of the Zoning Commission of the Town of Oyster Bay, Respondents.— In this proceeding, under article 78 of the Civil Practice Act, to review the determination of the Zoning Board of Appeals of the Town of Oyster Bay, which granted a variance for a limited time to permit the operation, on property in a residential zone, of a riding academy, petitioners appeal from an order which denies their petition and affirms such determination. Order reversed on the law and the facts, and the determination annulled, without costs, and without prejudice to a further application to the Board of Appeals, pursuant to the provisions of subdivisions B and C of section 18 of the Building Zone Ordinance. The record fails to disclose facts upon which this court can determine that the board had power to grant a variance or special exception. The return, in a proceeding of this nature, should disclose the facts upon which the determination of the Board of Appeals is made. If the board acts upon its own knowledge or its own survey, it must set forth in its return the facts known to its members, but not otherwise disclosed. (*Matter of Thomas* v. *Board of Standards & Appeals,* 290 N. Y. 109; *People ex rel. Fordham M. E. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Levy* v. *Bd. of Standards & Appeals,* 267 N. Y. 347.) Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ., concur.

In the Matter of HARRY J. EVERS, Respondent, against DANIEL D. FLANAGAN et al., Appellants.— The respondent having consented, on the call of the calendar, to reversal of the order herein dated February 7, 1946, which granted reargument and on reargument adhered to the original decision, said order, insofar as appealed from, is reversed, without costs, and the application is denied, without costs. Appeal from order dated January 22, 1946, dismissed, without costs. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur. [186 Misc. 101.]

In the Matter of HARRY J. EVERS, Respondent, against FRED GEFFEN et al., Appellants.— The respondent having consented, on the call of the calendar, to reversal of the order herein, said order is reversed, without costs, and the application denied, without costs. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.