EDWARD G. MULLEN, an Infant, by EDWARD T. MULLEN, His Guardian ad Litem, Respondent, *v.* B. J. FAYETTE, Doing Business under the Name of VERMONT FRUIT AND GROCERY COMPANY, et al., Appellants.

EDWARD T. MULLEN, Respondent, *v.* B. J. FAYETTE, Doing Business under the Name of VERMONT FRUIT AND GROCERY COMPANY, et al., Appellants.

Third Department, December 29, 1948.

Leary, Fullerton & Neddo, attorneys (Walter A. Fullerton and Michael E. Sweeney of counsel), for respondents.

Carter & Conboy for appellants.

HEFFERNAN, J. In this controversy there is very little dispute as to the facts. These actions were instituted to recover damages for personal injuries sustained by the respondent infant, five years of age, and by his father for the recovery of medical expenses and loss of the son's services.

Grover Hills, located in the town of Moriah, Essex County, is a well populated hamlet containing a number of houses. It is on the main highway going to Mineville, between Moriah Center and Mineville. The Port Henry-Mineville highway forms the northerly boundary of Grover Hills.

The proof discloses that Grover Hills is a Government reservation, owned by the United States Government and that the streets, sidewalks and buildings there located were constructed and erected by the Government. It is one of the Federal Housing developments which came into existence during the war. The highways in this settlement include Sherman Road, Federal Street and Community Place. So far as the evidence shows these highways were open to the public generally for passage and repassage irrespective of their places of residence. A significant fact is that the streets were maintained by the town of Moriah.

The plaintiffs lived on the north side of Community Place which runs in an easterly and westerly direction. Their home was located easterly of a building known as Damian's store. This street is in two sections with a total width of fourteen feet and with gutters about two feet wide on each side. There is also a concrete sidewalk four feet wide in front of plaintiffs' residence and the store. Between the front of the store and the sidewalk there is an area twenty feet wide and sixty feet long from north to south covered with fine crushed stone.

Appellant Fayette was the owner of a tractor-trailer truck which was about forty feet in length, fifteen feet high in the trailer part and the cab nine feet high. There are doors on the rear and right side of the truck.

At about 10 A.M. on November 4, 1947, this truck, driven by appellant Pidgeon, came to Damian's store to deliver merchandise. It is conceded that Pidgeon backed the truck so that the rear part of it was flush with and tight to the porch railing of the store. Parked as it was the truck occupied the crushed stone area in front of the store, the sidewalk, the gutter, the entire northerly part of the street and from two to three feet of the southerly portion. On the occasion in question the truck was being unloaded from the rear. Appellants had unloaded merchandise from the same place on many occasions prior to the date involved here. A period of a half to three quarters of an hour had elapsed from the time the truck was parked in the manner described until the happening of the accident to which we shall now refer.

At about 11 A.M. on the morning in question, the infant plaintiff was travelling westerly on the sidewalk from his home to the Damian store on an errand for his mother. When he reached the truck, he took the only course open to him, turned left into the highway and just as he stepped in front of the vehicle he was knocked down by a bicycle operated in an easterly direction by an eleven-year-old boy named LaMountain.

As a result of the injuries sustained by the infant these actions were instituted and from verdicts in favor of respondents appellants have come to this court.

Appellants urge two grounds for a reversal of these judgments: (1) that the accident happened on government property and hence that the provisions of section 86 of the Vehicle and Traffic Law have no application and that consequently the trial judge committed reversible error in instructing the jury that in determining the question of liability they had the right to consider the provisions of subdivision 10 of that section which reads: "No vehicle shall be left standing at any time upon any public sidewalk or footpath, except in an emergency"; (2) that the verdicts are excessive.

The mere fact that this accident happened on property owned by the United States Government does not relieve appellants from liability. The important question here is whether or not this accident happened on a public highway. The term highway means a way open to all the public without distinction for passage and repassage at their pleasure. The ownership of a highway is immaterial in determining its character as such; in legal contemplation it may be a highway, whether it is owned by a private corporation, or one owned by the Government or a governmental corporation (39 C. J. S., Highways, § 1). "Every

thoroughfare which is used by the public, and is, in the language of the English books, ' common to all the king's subjects,' is a highway, whether it be a carriage way, a horse way, a foot way, or a navigable river. It is, says Lord Holt, the *genus* of all public ways." (3 Kents' Commentaries, p. 432.)

We think the trial court properly held that Community Place is a public highway (*People* v. *County of Westchester,* 282 N. Y. 224; *Sadrakula* v. *Stewart & Co.,* 280 N. Y. 651, affd. *sub nom. Stewart & Co.* v. *Sadrakula,* 309 U. S. 94).

In his charge the trial judge discussed the question of whether or not there was a violation of the section of the Vehicle and Traffic Law to which we have referred. From what he said he left it to the jury to determine whether or not an emergency existed and whether or not the driver of the truck acted in a reasonably prudent and careful manner in parking the truck in the manner in which he did. Certainly from the proof in this record the jury might well have found that no emergency existed.

The appellant Pidgeon stopped this truck and parked it in such a manner as to meet his own convenience. He had sixty feet in which to park parallel to the front of the store. We think it is clear that he violated section 86 in parking in the manner in which he did (*Connell* v. *N. Y. C. & H. R. R. R. Co.,* 213 N. Y. 352; *People* v. *Schwartz,* 265 N. Y. 310; *Eckert* v. *Farrington Co.,* 262 App. Div. 9, affd. 287 N. Y. 714).

The language in the *Eckert* case (*supra*) which appears in the opinion of the Appellate Division is particularly applicable to the situation which we have here.

The jury might also have found that the proximate cause of the injury to the infant was the manner in which appellants unlawfully obstructed the sidewalk. The trial judge particularly called that to the attention of the jury.

On this record, therefore, we think the finding of the jury that the unlawful parking of this truck was the proximate cause of the accident is sustained by the evidence (*O'Neill* v. *City of Port Jervis,* 253 N. Y. 423; *Diener* v. *Carmen Cab Corporation,* 264 N. Y. 407; *Peck* v. *Independent Forwarding Corp.,* 280 N. Y. 728; *Foley* v. *State of New York,* 294 N. Y. 275).

Here, too, the jury might well have found that this obstruction continued for one half to three quarters of an hour.

Appellants complain that the question as to whether or not an emergency existed should have been submitted to the jury as one of fact. That complaint lacks merit. The learned trial justice did exactly what appellants say he omitted to do. In his charge he said: " Should he have known of the risk that he was taking

in having his car stand upon the sidewalk in violation of this provision of the Vehicle and Traffic Law of the State of New York, and was that the proximate or the contributing cause of the boy's injuries? ''. The fact that there was no contact between the infant and the truck does not absolve appellants from liability (*Hart* v. *Ruduk,* 233 App. Div. 453).

The cases cited by appellants are all distinguishable. The authority upon which they rely mainly is *People* v. *Hillman* (246 N. Y. 467). In that case defendant was convicted of the crime of robbery which occurred upon a highway within the land of the West Point Reservation. The Court of Appeals reversed the judgment and dismissed the indictment on the ground that the State court had no jurisdiction. The *Hillman* case (*supra*) has no application to the facts in the case at bar. In the *Hillman* case the crime was committed upon land which had been conveyed to the United States and was used as a military reservation. The State of New York consented to the purchase of the lands within the Military Reservation at West Point by the United States and ceded to it complete political dominion and legislative authority over the lands comprising the reservation. The State courts, therefore, as a matter of law are without juristion as to civil or criminal actions arising within that territory.

On the question of the size of these verdicts it should be borne in mind that the infant is permanently injured. The medical evidence shows that both bones of the right leg were broken. There was a fracture in the center of the tibia and also one in the upper third of the fibula. The leg was in a cast for five weeks. A reputable surgeon who treated the child and testified on his behalf said there is a toeing in — one part of the foot being higher than the other and that this condition is permanent. There is also evidence that the boy suffered considerable pain for a long period of time.

While the verdicts may appear to be somewhat generous we may not say in view of the diminishing purchasing value of the dollar that they are excessive. Under the facts here, we ought not to substitute our judgment for that of the jury on a plain question of fact.

The judgments and orders appealed from should be affirmed, with one bill of costs and disbursements to respondents.

HILL, P. J., BREWSTER and RUSSELL, JJ., concur; DEYO, J., dissents in the action brought by the father of the infant on the ground that the verdict is excessive.

Judgments and orders appealed from affirmed, with one bill of costs and disbursements to respondents. [See 275 App. Div. 730.]