21 Misc.2d 607 (1960)
Lina Ebert, Plaintiff,
v.
Incorporated Village of Garden City, Defendant.
Supreme Court, Special Term, Nassau County.
January 25, 1960.
Clarence W. Williamson, Jr., for defendant.
William J. White for plaintiff.
BERNARD S. MEYER, J.
This motion to dismiss the complaint turns on whether a municipal parking field is a "street, highway, bridge, culvert, sidewalk or crosswalk" within the meaning *608 of section 341-a of the Village Law. Plaintiff alleges that her injury was caused by falling in "a dirt obscured, iced-over hole and depression" in a parking field maintained by defendant village and that the village had actual and constructive notice of the hole and failed to repair it. She does not plead the written notice that section 341-a requires (Skelly v. Village of Port Chester, 6 A D 2d 717).
While section 341-a is in derogation of the common law and is, therefore, to be strictly construed, that rule does not require that the words used be given an artificial, forced or unnatural meaning. In People v. County of Westchester (282 N.Y. 224, 228) the Court of Appeals quoted with approval from Elliott, Roads and Streets (§ 3, p. 4) as follows: "If a way is one over which the public have a general right of passage, it is, in legal contemplation, a highway". Matter of Mayor, etc. of N. Y. (135 N.Y. 253, 260) and Mullen v. Fayette (274 App. Div. 527, 529) set forth similar definitions, as does Rhyne, Municipal Law (§ 413). Webster's New International Dictionary defines "highway" as follows: "A main road or thoroughfare; hence, a road or way open to the public, including in the broadest sense of the term ways upon water as well as upon land. * * * In its general sense, however, it is used to include any way, of whatever nature, which the law makes open to use of all to pass, whether a carriageway, horseway, footway, or waterway, and whether a thoroughfare, a public bridge, or a cul-de-sac." While a municipal parking field is, as the word "parking" implies, primarily a place where vehicles are left stationary and unattended, it is essential to the use for which it is provided that both cars and pedestrians have passageway on and through it. Whatever the rule may be with respect to fields in which parking is allowed only by permit (see Weinstein v. McKenzie, 177 Misc. 451; People v. Kraushaar, 195 Misc. 487; People v. Gilbert, 137 N. Y. S. 2d 389), the complaint does not allege that any permit was required or obtained. The field in question is, therefore, "one over which the public have a general right of passage," and thus is within section 341-a of the Village Law.
The conclusion thus reached accords with the fact that for purposes of article 6 of the Village Law dealing with the construction and maintenance of streets, sidewalks and public grounds, the term "street" is defined to include "a highway, road, avenue, lane or alley which the public have a right to use" (Village Law, § 140) and that for purposes of the land acquisition provisions of the Village Law a "highway" is defined to include a "parking place" (Village Law, § 306, subd. 5). *609 It is consistent with section 134 of the Vehicle and Traffic Law which by including within the definition of the word "highway" a "public place" makes the regulatory provisions of that law applicable in municipal parking places, such as that here involved, which are open to all. It would be a strained and unrealistic construction of section 341-a of the Village Law to hold that the area is a "street" or "highway" for purposes of condemnation, construction, maintenance and regulation but not for the purpose of tort liability.
The motion is, therefore, granted, but plaintiff is given leave, if she be so advised, to serve an amended complaint within 20 days after service of a copy of the order entered hereon. Short-form order signed.