Thomas M. Stark, J.
The defendant appeals from a judgment of conviction rendered by Justice of the Peace (Mercator 0. Kehdrick) sitting as a Court of Special Sessions of the Town of Southampton on April 6, 1964, following a trial without a jury held on March 3, 1964, and the sentence imposing on the defendant a fine of $15 for the offense of operating a motor vehicle upon a public highway without a license in violation of section 501 (subd. 4, par. a) of the Vehicle and Traffic Law of the State of New York.
The applicable portion of section 501 (subd. 4, par. a) reads as follows: “ No person shall operate or drive a motor vehicle upon a public highway of this state unless he is duly licensed under this chapter ”.
At about two o’clock in the afternoon of September 8, 1963 the defendant, who is a member of the Shinnecock Tribe of Indians, was apprehended driving a 1953 Ford on a roadway on the Shinnecock Indian Reservation. The defendant was not licensed. She now contends that she was driving on property of which she was part owner as a member of the tribe.
*791 The land, on which the road in question was located, was deeded to the Trustees of the Shinnecock Tribe of Indians by the Trustees of the Proprietors of the common and undivided lands and marshes in the Town of Southampton on April 21, 1859 pursuant to chapter 46 of the Laws of 1859. Title to certain of the conveyed land was litigated and confirmed in the Shinnecock Tribe of Indians. (Matter of Brenner v. Great Cove Realty Co., 207 Misc. 114, affd. 4 A D 2d 749, revd. and remanded 6 N Y 2d 435, 9 A D 2d 948, mot. for lv. to app. den. 10 A D 2d 717, cert. den. 365 U. S. 769.)
It was stipulated during the trial, between the District Attorney and counsel for the defense, that ‘‘ no municipality, the state, county or township alleges claim to the title of the roads in question or to the land upon which the roads are found ”. Since neither the State nor any of its municipalities claim title to the roads, the only manner in which they could then become public highways is by prescription.
Article I (§ 13; repealed by vote of the people on Nov. 6,1962) of the Constitution of the State of New York, however, prohibited transfer of Indian lands, as follows: “No purchase or contract for the sale of lands in this state, made since the fourteenth day of October, one thousand seven hundred seventy-five; or which may hereafter be made of, or with the Indians, shall be valid unless made under the authority, and with the consent of the legislature ’ ’.
It is established and acknowledged law in this State that the doctrines of prescription and adverse possession do not operate as to land which may not constitutionally be granted or conveyed. (Burbank v. Fay, 65 N. Y. 57; Hinkley v. State of New York, 234 N. Y. 309; King v. Shinnecock Tribe of Indians, 221 N. Y. S. 2d 980.)
The District Attorney advances in support of his position an opinion of the Attorney-General of New York State (1960 Atty. Gen. 116) which opinion requires Indians residing on the St. Regis Indian Reservation to possess operators’ licenses to drive on a State highway passing through the reservation. That opinion is, however, based on the fact that the road in question is a public State highway and is owned in fee by the State. The Attorney-General had previously ruled that operators’ licenses were not necessary when Indians were using motor vehicles upon the reservation on roads which were not public highways (1939 Atty. Gen. 189).
Since the roadway in question must then be regarded as a private roadway in which the defendant owned an undivided *792 communal interest as a member of the tribe, it was no offense under the laws of this State for her to operate a motor vehicle on her own property while not licensed. The conviction must, therefore, be reversed.
Judgment of conviction reversed; fine remitted.