Simon J. Liebowitz, J.
In this wrongful death action defendant moves to set aside the jury’s verdict on the basis of its exceptions to the court’s charge that the marginal street from which the truck of the defendant Colonial Sand and Stone, Inc. (Colonial) was stolen is a highway within the purview of section 1210 of the Vehicle and Traffic Law and section 435-17.0 of the Administrative Code of the City of New York. Said sections interdict the leaving of a key in the ignition of an unattended motor vehicle on a highway.
*890 Defendant contends that a marginal street, by statutory definition and by our court decisions, is not a highway. Therefore, no liability may be imposed upon it for the death that resulted from the theft of Colonial’s truck. Defendant urges upon the court that the definition of “ street,” as contained in subdivision 14 of section 1150-1.0 of the Administrative Code, is “ any public street, avenue * * * driveway * * * crosswalk * * * place, except marginal streets ” (emphasis added) and that in the cases of Peterson v. City of New York (260 N. Y. 156); Matter of the City of New York (Triborough Bridge) (159 Misc. 617); Vilias v. Featherson (94 App. Div. 259) and Matter of Poulous v. Minetti (197 Misc. 611) the courts distinguish a marginal street from a public city street and hold that, unlike public streets, a marginal street may be privately used for business and commercial purposes, provided such use be ‘ ‘ in connection with wharf property. ’ ’
For the purposes of this motion, the court will consider the following facts as being inherent in the jury’s verdict: Defendant Colonial by agreement with the City of New York, Department of Marine and Aviation (City), obtained the revocable right for the period from August 25, 1965 to June 30, 1966 to park ‘1 automotive equipment” and to store “building materials ” in an area described as “ All that certain pier, dock or wharf property ” being “ approximately 3,000 square feet of the marginal street at the foot of Roosevelt Street, East River ’ ’; during that period Colonial parked its trucks in that area, when on March 20, 1966 one of its unattended trucks with the key in the ignition lock was stolen, driven away from the marginal street to Hudson Street, proceeded thereon in the wrong direction and collided head-on with a taxicab operated by plaintiff’s decedent causing him to sustain injuries from which he died; the marginal street used by Colonial is neither fenced in nor separated from the rest of the highway area, is paved, lit by the city’s street lights and is that portion of East River Drive that is underneath the elevated highway and that may be used by the public to walk thereover from one side of East River Drive to the dock or wharf side of the drive or from one street to another.
Plaintiff’s counsel, referring to other sections of the Administrative Code, the City Charter, the Highway Law and the Vehicle and Traffic Law, contends that marginal streets are owned and maintained by the city and being a part of a highway are public streets in the same manner as are the shoulders of a road or a sidewalk abutting a roadway. However, subdivision c of section 703 of the City Charter, as of 1966, provided “The Commissioner may widen, open, construct, abandon or *891 close any marginal street * * * and shall maintain the widened portion of such street * * * or the new street * * * as a marginal street, and such new street or such street to the extent of the portion so widened shall not he a public street.” (Emphasis added.) Said section had since been repealed along with the other sections of the Charter conferring jurisdiction over marginal streets upon the Commissioner of Marine and Aviation and was reenacted by Local Laws of 1968, No. 23, as amended by Local Laws of 1969, No. 74, which confer jurisdiction over marginal streets upon the Economic Development Administration. Marginal streets, to the extent leased for commercial use as that portion occupied by Colonial, aré not public parking areas nor areas for public motor vehicle traffic.
It is to be noted, however, that neither of eminent counsel for the respective parties nor the court in its extensive research has found any holding that a marginal street is excluded from the protection afforded the public by section 1210 of the Vehicle and Traffic Law and section 435-17.0 of the Administrative Code.
The court, in charging the jury that said marginal street came under the broad mantle of the specific sections of the Vehicle and Traffic Law and Administrative Code, did so by seeking out the evil against which our legislators sought to shield the public and the construction that our courts placed upon areas to which the public had access.
To adopt a micrometric view of what was intended to come within the ambit of the definition of a street or highway is to maintain a Pandora’s box without a lid. The “ intent is to be discovered, not alone by considering the words of any part, but by ascertaining the general purpose of the whole, and by considering the evil which existed calling for the enactment, and the remedy which was sought to be applied. And when the intent of the whole is discovered, no part is to be so construed as that the general purpose shall be thwarted ’ ’. (People ex rel. Jackson v. Potter, 47 N. Y. 375, 379.)
Therefore, where the general purpose of a statute was to protect a municipality against claims without prior written notice ‘ ‘ of the defective, unsafe, dangerous or obstructed condition of said street, highway ” (Mount Vernon City Charter, § 265; L. 1922, ch. 490, as amd.), the court, in Kennedy v. Vernon Park Realty Corp. (217 N. Y. S. 2d 671, 672) construed a stairway or steps leading from the sidewalk of an avenue to the parking area adjacent to the New Haven Railroad as a street and stated: ‘ ‘ The court, however, cannot agree with this narrow interpretation of the quoted provisions of the Charter as these publicly *892 used steps comprise an area which is within the purview of the word ‘ highway ’ ’’.
Similarly, in Ebert v. Incorporated Vil. of Garden City (21 Misc 2d 607, 608) the court construed a parking field to be a street or highway even though ‘ ‘ as the word ‘ parking ’ implies, primarily a place where vehicles are left stationary and unattended. ’ ’ The controlling factor was that ‘ ‘ both cars and pedestrians have passageway on and through it.” The public character of the area must be considered even if it be privately owned and its use be limited to the owner’s customers. What determines the rights of the public to a parking place is whether it is affected by a public interest. In making such a determination the court in Best & Co. v. Incorporated Vil. of Garden City (247 App. Div. 893, affd. 273 N. Y. 564) in its memorandum opinion stated, “ There will be an assembly of cars containing gasoline which in the aggregate will be considerable, presenting a fire hazard; there will be entrance and exit over the sidewalk, endangering pedestrians; the entrance and exit must be to and from public streets, which will involve traffic regulation. The ordinance does not prevent the use of the private property. It was enacted for the purpose of reasonable regulation.” To apply the language of Justice Lazansky to the instant action, there will be an assembly of trucks containing gasoline on the marginal street from which there is entrance and exit over the public highway endangering pedestrians crossing said street.
Section 1210 of the Vehicle and Traffic Law and section 435-17.0 of the Administrative Code do not prevent the private use of the marginal street. They regulate the parking and use of trucks thereon to protect the public. See, also, Grulich v. Paine (231 N. Y. 311, 316) wherein a private driveway used by the public u was paved, curbed and had every appearance of a public street ”, was deemed a public street for the purpose of obedience to traffic rules as “ The statutes are intended to promote safety, order .and convenience. ’ ’
Is then the definition of a street limited to a vehicular road or does it also include any area to which the public has access whether by foot, cycle or motor vehicle? In People v. County of Westchester (282 N. Y. 224, 228) the Court of Appeals quoted from section 3 on page 4 of Elliot, Eoads and Streets, for the test as to whether a way is a highway, and stated: 11 If a way is one over which the public have a general right of passage, it is, in legal contemplation, a highway, whether it be one owned by a private corporation or one owned by the government”. As more succinctly defined in Mullen v. Fayette (274 App. Div. 527, 529) “ The term highway means a way open to all the public *893 without distinction for passage and repassage at their pleasure. ’ ’
The court’s construction of the marginal street as a highway within the apron of said sections of the law, prohibiting the leaving of an unattended motor vehicle with a key in the ignition, is buttressed by the inclusion in section 435-17.0 of the words ‘1 or thoroughfares ’ ’ immediately following the word ‘ ‘ streets ’ ’. A thoroughfare is not within the defendant’s constricted statutory definition of a street nor is it necessarily a vehicular highway. It does not possess all of the characteristics of a public street and was, therefore, included in the statute to enlarge its scope and area of coverage.
The Appellate Division in Mullen v. Fayette (supra, p. 530) adopted as the definition of a thoroughfare that of 3 Kent’s Commentaries, page 432, as one ‘ ‘ which is used by the public * * # is a highway, whether it be a carriage way, a horse way, a foot way, or a navigable river ”. The definition of a thoroughfare as contained in Webster’s New International Dictionary (2d ed.), was adopted in Matter of Evers v. Flanagan (186 Misc. 101, 105, revd. by consent on other grounds 270 App. Div. 937) and was stated to be “ a passage through, as from one street or opening to another; an unobstructed way open to the public; a public road or street open at both ends; esp., a street or way through which there is much passing.” The area of the marginal street used by the defendant Colonial is unquestionably “a foot way”, “a passage through ”, “an unobstructed way open to the public, or a public road * * * open at both ends. ’ ’
For the purpose of determining damages in a condemnation proceeding or to determine the authority of the Commissioner of Docks or of the Commissioner of Marine and Aviation or presently of the Administrator of the Economic Development Administration to grant permits or lease rights in marginal streets, the city may declare by statute that such streets shall not be defined as public streets. However, where the safety and protection of the public is involved, the Legislature and our courts are not concerned with nomenclature. Sanction will not be given to what is tantamount to public invitation to drive away a motor vehicle especially in this age when motor vehicles are stolen to order. The interdiction against leaving a key in the ignition of an unattended motor vehicle applies with equal force to any public area be it a parking lot, a stairway, or a private driveway.
The evil sought to be remedied by section 1210 of the Vehicle and Traffic Law and section 435-17.0 of the Administrative Code *894 mandates the designation of defendant’s area of the marginal street as a public highway.
Accordingly, defendant’s motion to set aside the jury’s verdict is denied.