Bruce G. Dean, Acting County Judge.
The judgment of conviction is reversed, on the law and the facts, and the information dismissed; fine remitted.
Defendant’s guilt of the charge of operating a motorcycle on a public highway without a license was not established. Defendant was operating a motorcycle on land known as the V.V.M.A. parking lot. The primary issue raised on this appeal is whether the area of operation was a public highway as defined in section 134 of the Vehicle and Traffic Law. The District Attorney summarizes the record as follows: ‘ ‘ The evidence before the court indicated that this operation occurred in an area that runs from the east side of Clayton Avenue, adjacent to and behind a pool and building; this parking lot services both the pool and a little league field. There were no signs that would restrict or warn individuals that they were on private land and were forbidden to enter. The place is used to park ears for little league ball games, for attendance at the pool and V.V.M.A. affairs, for high school football games, and other purposes. Thus, the evidence indicated that this was a place open to the public with no restrictions on its use by the general public.”
Other testimony was as follows:
(From the arresting officer)
“ * * * I could see Mr. Haulenbeek riding in a circle on a motorcycle in the parking lot. ’ ’
‘ ‘ Q. Did you think at the time that you issued the ticket that it was connected to the school driveway. A. No sir.
“ Q. Now did at any time the defendant drive this vehicle onto the driveway. A. Of the parking lot?
‘ ‘ Q. No, of the driveway leading to this school. A. No.
“ Q. Did he at any time drive it on a public street? A. No sir.”
It does not appear to be disputed that the parking lot was privately owned although use by the public was permitted. As appears from the above testimony, the defendant did not operate the motorcycle on a driveway or street. In People v. Moe (62 Misc 2d 27) the court, in reversing a conviction for unlicensed operation of a motorcycle, held that a public park, owned by a municipality, with neither roads nor sidewalks, was not a ‘ ‘ public highway ’ ’ within the meaning of sections 401 and 501 of the Vehicle and Traffic Law — (citing People v. County of West *59 chester, 282 N. Y. 224, which authority was also cited hy appellant and respondent in the present appeal). In People v. Marcus (19 A D 2d 813, affd. 14 N Y 2d 505) the court sustained a conviction for unlicensed operation hut defined the public highway to include a sidewalk within the ambit of street, under section 134 of the Vehicle and Traffic Law, as the area between the curb and the property line. Such a definition would exclude private property although access to the public might be permitted. Some authority on determination of what is a public highway may be drawn also under the case law construction of former section 52 of the Vehicle and Traffic Law, where service of process could be made on nonresident motorists only where injury occurred on a public highway. Section 134 and former subdivision 2 of section 2 of the Vehicle and Traffic Law have the same definition of “ public highway ”. In Catalan,o v. Maddux (175 Misc. 24) the court held that service on a nonresident could not be made, pursuant to section 52, 'where the accident occurred on grounds of the New York "World’s Fair as the automobile of the nonresident motorist was not being operated on a public highway at the time of the occurrence but on private grounds. In Zielinski v. Lyford (175 Misc. 517) the court said that “ public ” in public driveway does not mean driveway which some members of the public may use from time to time but 1 ‘ It must mean a driveway in which the public have some rights and over which some public officers have control; such driveways as we see leading to our public buildings or public institutions.”
The court went on to say that the private owner could, at any moment, prevent any member of the general public from using its property. In People v. Williams (43 Misc 2d 790) it was held that a roadway on an Indian Reservation was a private roadway, and did not require licensing to operate a motor vehicle thereon, as distinguished from public State highways passing through reservation where the fee to the highway is State owned. Area comprising the municipal airport held not to comprise part of the public streets or highway. (Weinstem v. McKenzie, 177 Misc. 451, 453.)
In conclusion, it would appear, therefore, that operation of a motorcycle by appellant, James Haulenbeek, on a private parking lot, although used by the public, was not in violation of section 503 of the Vehicle and Traffic Law for it was not on public property, nor was the operation on “ roads ” or sidewalks, as required in People v. Moe (supra). Were the court to construe the broad use of private property within the definition of “ public ”, certainly grounds of the World’s Fair would be as “ public ” as grounds of the V.V.M.A., parking lot.
The conviction must, therefore, he reversed.