David F. Lee, Jr., J.
Petitioner in this proceeding pursuant to article 78 of the CPLR to review “ all the proceedings, decision and action of the Commissioner of Motor Vehicles of the State of New York” seeks “judgment annulling and setting aside the determination which revoked his motor vehicle operator’s license; directing the Commissioner to return to petitioner, his * * * operator’s license ”.
The petition alleges, inter alia: “ 5. On March 21, 1972, the Commissioner of Motor Vehicles of the State of New York, through its Hearing Officer * * * held a motor vehicle hearing for refusing a chemical test, at the Courthouse in the City of Norwich, County of Chenango, State of New York. At this motor vehicle hearing, New York State Trooper W. A. Briggs, testified that petitioner’s arrest was based upon him operating a motor vehicle while in an intoxicated condition at the driveway of the New York State Barracks at Norwich, New York. Also during the course of the said motor vehicle hearing, there was a failure of proof by New York State Trooper W. A. Briggs, that the chemical test for intoxication, your petitioner was requested to submit to, was authorized by the written rules and regulations of the New York State Police. * * *
*911 “ 10. That said charge set forth in the felony information attached hereto, was presented to a Chenango County Grand Jury which returned a No Bill on the said charge of felony Driving While Intoxicated. ’ ’
Petitioner was arrested on July 18,1971 and accused of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd. 3). The petitioner was accused of operating a motor vehicle while in an intoxicated condition, “ on the driveway of the New York State Police barracks ”, in the Town of North Norwich, Chenango County. The petition, also, states: “ On July 18,1971 * * * on New York State Route 12 * * * petitioner’s motor vehicle was stopped * * * and your petitioner was arrested for Driving While Intoxicated.” The memorandum submitted by petitioner’s counsel notes and urges, among other things:
‘ ‘ Petitioner contends that the offense of Driving While Intoxicated cannot be committed in a driveway, since it is not a highway nor a private road. Therefore, petitioner was illegally arrested for driving while intoxicated and an illegal arrest cannot form the basis for revoking a license for refusing to submit to a chemical test for intoxication.
‘ ‘ Petitioner further contends that one element of proof in a refusal hearing is the proof of the rules and regulations of the New York State Police demonstrating the test the police officer is authorized to offer a motorist. Failure to prove such rules and regulations does not warrant a motor vehicle referee in revoking an operator’s license for a refusal to submit to a chemical test for intoxication.
“ * * * Revocation of the operator’s license for refusal to submit to a chemical test for intoxication was not warranted since the State Police Officer failed to prove the rules and regulations of the New York State Police. * * * A refusal to submit to a chemical test for intoxication cannot be based upon an illegal arrest.”
The threshold question for determination is whether the arrest was lawful. Petitioner urges that “petitioner’s arrest for driving while intoxicated was illegal ”, He further urges: “ If an arrest for driving while intoxicated is unlawful and invalid then a motorist cannot legally refuse to submit to a chemical test for intoxication. ’ ’
The papers submitted in support of the application assert that the determination was arbitrary and capricious and that the determination “was not supported by substantial evidence.” It should be noted that, as counsel stated at the time of oral argument, questions of law, errors of law, only are raised; no issue specified in question 4 of CPLR 7803 is raised.
*912 Respondent’s counsel urges in his memorandum:
‘ ‘ The fact that petitioner was arrested for driving while intoxicated on the driveway of the State Police Barracks should not invalidate his arrest. Section 1192 (3) of the Vehicle and Traffic Law prohibits a person from driving while he is in an xntoxicated condition anywhere in the State of New York.
“ The recodification of the Vehicle and Traffic Law effected by Chapter 775 of the Laws of 1959 was merely a rearrangement of the former law. According to the report issued by the Temporary State Commission on Coordination of State Activities, which recommended and prepared the measure, the bill made no changes in substance, but only in arrangement. In the 1959 recodification, the prohibition against drunken driving was placed in Title VII which now includes Section 1100. However, since 1959, except for the case cited by petitioner in his brief (People v. Albright, Chenango County Court, decided June 7, 1972), there has been no case intimating or considering a suggestion that the renumbering and redistribution of these sections changed the rule of law reached in People v. Rue, 166 Misc. 845 (City Court of Middletown, 1938) and People v. Taylor, 202 Misc. 265 (City Magistrate’s Court of City of New York, 1952). * * *
“It is the conduct which is sought to be regulated rather than limited areas which are sought to be protected.”
Subdivision 3 of section 1192 of the Vehicle and Traffic Law reads: “ No person shall operate a motor vehicle while he is in an intoxicated condition.” Section 1192 of the Vehicle and Traffic Law is included under title 7, Rules of the Road, and section 1100, entitled ‘ ‘ Provisions of title refer to vehicles upon the highways; exceptions ”, provides, in subdivision (a): “ The provisions of this title apply upon highways and upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section.” Section 118 of the Vehicle and Traffic Law defines “ highway “ The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel”. The definition of “ private road ” is found in section 133 of the Vehicle and Traffic Law: ‘1 Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons ”. A ‘1 public highway ’ ’, as defined by section 134, includes: 11 Any highway, road, street, avenue, alley, public place, public driveway or any other public way.” (See Zielinski v. Lyford, 175 Misc. *913 517, cited in People v. Haulenbeek, 67 Misc 2d 57, 59 and General Acc. Group v. Noonan, 66 Misc 2d 528, 531; see, also, Ebert v. Incorporated Vil. of Garden City, 21 Misc 2d 607, cited in Watts v. Colonial Sand & Stone, 64 Misc 2d 889, 892.) Whether “the driveway of the New York State Police barracks ” may be deemed a ‘ ‘ highway ’ or whether it is “ open to public motor vehicle traffic ” is not determinative of the questions raised in this proceeding. The statute being designed to protect the public it is, indeed, difficult, at the very least, to perceive that the Legislature could have intended that driving while intoxicated in that area or driveway of the New York State Police barracks should be excluded from section 1192. Subdivision (b) of section 1100 of the Vehicle and Traffic Law reads: “ The provisions of this title relating to obedience to stop signs, flashing signals, yield signs, traffic-control signals and other traffic-control devices, and to one-way, stopping, standing, parking and turning regulations shall also apply to the parking area of a shopping center [Vehicle and Traffic Law, § 129-a] for which the legislative body of any city or village, or the town board of any town, has adopted any local law, ordinance, rule or regulation ordering such signs, signals, devices or regulations.” Did the Legislature by omitting from this section or subdivision any reference to the operation of a motor vehicle while intoxicated intend that the operation of a motor vehicle while in an intoxicated condition in the parking area of a shopping center should not be proscribed? Must a police officer who observes a person in an intoxicated condition operating a motor vehicle at or near a road stand or restaurant, off the ‘ ‘ highway ’ ’, wait until that person operates his vehicle upon a busy thoroughfare before taking any action to protect the public, to relieve the public of the menace of a motor vehicle operator in an intoxicated condition on a highway? The statute does not limit the crime of operating a motor vehicle while in an intoxicated condition to the operation on a “ highway ”, but prohibits driving while intoxicated in any place, on a public highwy, private roads, driveways and parking areas of schools and hospitals, parking areas of shopping centers, and driveways of the New York State Police barracks and otherwise.
Bearing in mind that the statute is penal in character and must be strictly construed, and that it is designed to protect the public, the court concludes that the legislative intent in proscribing the operation of a motor vehicle while in an intoxicated condition was to include, rather than exclude, such an area as “the driveway of the New York State Police barracks ”, *914 not only in the Town of North Norwich, Chenango County, but elsewhere. To construe the statute otherwise, as petitioner urges, would “ emasculate its salutary provisions for the protection of the public.” (People v. Taylor, 202 Misc. 265, 270; see, also, People v. Rue, 166 Misc. 845.) Under the circumstances it is not deemed necessary nor would it serve a useful purpose to discuss the location of State Police barracks, reached by public highways, and the applicability of People v. Belcher (302 N. Y. 529, 534, 535).
Petitioner’s counsel, referring to subdivision 1 of section 1194 of the Vehicle and Traffic Law, urges:
‘ ‘ This language indicates that if a chemical test is not administered pursuant to the rules and regulations of the arresting police officer’s department then a motorist cannot consent to a chemical test for intoxication. If a motorist cannot consent to a chemical test for intoxication then he cannot refuse to submit to the same. * * *
“ Proof of the police department’s rules and regulations, as an element of proof, will assure that the particular breath test offered the motorist is one authorized by the arresting officer’s police department and not one which he selects at random at his own whim.”
On the other hand, respondent urges that “ proof of the existing rules and regulations of the New York State Police was not necessary at the motor vehicle hearing held on March 21,1972.”
The court has considered the arguments and memoranda of counsel, including the argument with respect to People v. Monahan (25 NY 2d 378) addressed by counsel to the questions raised, and concludes that proof of the rules and regulations of the police force of which the police officer was a member was not necessary at the motor vehicle hearing.
The court concludes that the determination of respondent was not based upon or affected by an error of law, nor was it arbitrary or capricious. Petitioner’s application should be denied and the petition dismissed, without costs.