OPINION OF THE COURT
David H. Brind, J.
The defendant was issued a simplified traffic information for driving outside of the restriction imposed on a class 6 operator’s license, to wit: driving after nine o’clock in the evening and before five o’clock in the morning, other than going to and from school, unless accompanied by a parent, guardian, or one in the position of loco parentis to the licensee.
*264 It is conceded by the defendant that he was, in fact, operating a motor vehicle after nine o’clock in the evening, unaccompanied by a parent, at the Town and Country Plaza, being a privately owned shopping center in the City of Geneva. He denies, nor is he charged, with operating a vehicle on a public street, sidewalk or highway. The People contend that the defendant violated subdivisions 1 and 3 of section 509 of the Vehicle and Traffic Law. Subdivision 1 of section 509 provides: "Except while operating a motor vehicle during the course of a road test conducted pursuant to the provisions of this article, no person shall operate or drive a motor vehicle upon a public highway of this state or upon any sidewalk or to or from any lot adjacent to a public garage, supermarket, shopping center or car washing establishment or to or from or into a public garage or car washing establishment unless he is duly licensed pursuant to the provisions of this chapter.”
Subdivision 3 of section 509 provides: "Whenever a license is required to operate a motor vehicle, no person shall operate any motor vehicle in violation of any restriction contained on his license.”
The particular charge herein is based upon the operation of a motor vehicle within a shopping center parking area. The defendant states that he drove to the shopping center before nine o’clock in the evening, and thus was not in violation of the restriction at that time, and thereafter did not leave the shopping center area. He moves that the information be dismissed.
Subdivision 1 of section 509 was enacted by chapter 780 of the Laws of 1972. Apparently, there are no cases in this State interpreting this phase of the statute. There is, however, a similar case, People v Haulenbeek (67 Misc 2d 57) which involves the operation of a motorcycle on a privately owned parking lot without a license. The court there, in reversing the conviction of the trial court, and dismissing the information, cited People v Moe (62 Misc 2d 27) wherein the Appellate Term held that a public park was not a public highway within the meaning of sections 401 and 501 of the Vehicle and Traffic Law.
Section 1640-a of the Vehicle and Traffic Law provides that a legislative body of any city, with respect to the parking area of a shopping center and pursuant to the written request of the owner, may by local law or ordinance, establish various traffic regulations. Subdivision 9 thereof permits such legisla *265 tive body to adopt reasonable rules and regulations with respect to traffic and parking as local conditions may require for the safety and convenience of the public. Under this section it is conceivable that a local ordinance could be adopted to the effect that only licensed drivers may be permitted to drive on such shopping center areas. However, no such ordinance has been adopted by the City of Geneva.
 The court holds that subdivision 1 of section 509 of the Vehicle and Traffic Law cannot be interpreted to require an operator’s license to drive within the confines of a shopping center parking area. The statute is ambiguous at best. The section says: "to or from any lot adjacent to a * * * shopping center”. If the Legislature had intended to prohibit other than licensed operators from driving in shopping center parking areas, it could have done so in clear and concise language. The general rule of law is that a penal statute is to be construed strictly (People v Spencer, 201 NY 105) and in favor of the party against whom the enforcement is brought. (People ex rel. Kane v Sloan, 98 App Div 450.) Such statute may not be extended by implication to cover cases not clearly within its terms (Verona Cent. Cheese Co. v Murtaugh, 50 NY 314) nor can words be written into nor subtracted from statutes penal in nature (Aronwald v Sperber, 182 Misc 736.)
It must therefore be determined that the operation of a motor vehicle by the defendant outside the restrictions of a class 6 license, on a shopping center parking lot was not in violation of subdivision 3 of section 509 as charged, and the simplified traffic information hereby is dismissed.