OPINION OF THE COURT
Loren N. Brown, J.
The appellant was found guilty of a violation of subdivision 1 of section 1227 of the Vehicle and Traffic Law, consumption of alcoholic beverages in certain vehicles, after trial before a Town Justice of the Town of Halfmoon, Saratoga County, New York. He now appeals from that judgment of conviction, and a stipulation was entered into by the defendant, and the prosecution wherein it is agreed that the alleged violation occurred on a public parking lot located at a Grand Union shopping center.
Pursuant to the aforesaid stipulation which was entered March 24, 1981, the sole issue on appeal is whether subdivision 1 of section 1227 of the Vehicle and Traffic Law, located within title 7 of the Vehicle and Traffic Law, applies to public parking lots, specifically a Grand Union shopping center parking lot located in the Town of Half-moon.
Subdivision 1 of section 1227 states, in pertinent part, “[t]he drinking of alcoholic beverages, in a motor vehicle being driven upon the public highways is prohibited.” Subdivision (a) of section 1100 of the Vehicle and Traffic Law purportedly limits the application of title 7 to highways and private roads open to public motor vehicle traffic “except where a different place is specifically referred to in *653 a given section.” Subdivision (b) of section 1100, referring to shopping center parking lots, encompasses only certain specific traffic infractions, not relevant here.
An examination of the law reveals that the courts have been confused and inconsistent in their analysis of title 7 statutes and their predecessors. However, both the majority of cases and the best reasoned have ruled that a parking lot is neither a highway nor a private road, and, therefore, subdivision 1 of section 1227 of the Vehicle and Traffic Law would not apply. (People v Thew, 44 NY2d 681; People v Tracey, 6 Misc 2d 681; Weeks v Byrnes, 33 NYS2d 65; People v Conzo, 100 Misc 2d 143; Podstupka v Brannon, 81 Misc 2d 338.) Indeed, a Grand Union parking lot does not fit within a commonsense reading of the Vehicle and Traffic Law definitions of a highway (§ 118), private road (§ 133), public highway (§ 134), or roadway (§ 140).
The People have submitted an extensive and scholarly brief which, though penetrating, is not persuasive. The People’s cited cases, generally, refer to a judicially fashioned exception to section 1100 of the Vehicle and Traffic Law limited to that section proscribing driving while in an intoxicated condition (Vehicle and Traffic Law, § 1192) and its predecessors. (Matter of Manley v Tofany, 70 Misc 2d 910; People v Taylor, 202 Misc 265; People v Rue, 166 Misc 845.) Those courts which have disregarded section 1100 of the Vehicle and Traffic Law argue, generally, that the language of the intoxication sections makes operation of a motor vehicle in an intoxicated condition illegal regardless of the location.
Accordingly, the court finds that subdivision 1 of section 1227 of the Vehicle and Traffic Law has no application where the conduct was performed in a Grand Union parking lot. The judgment of conviction is reversed.